UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

......................................................................X

MONIQUE KATZ and YEKATERINA
SKIDANENKO, individually and on behalf of
all others similarly situated,

                         Plaintiff,

          -against-

EQUINOX HOLDINGS, INC.

                      Defendant.

......................................................................X

Civ. No.:  20-cv-9856
(VEC)(RWL)


## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EQUINOX HOLDINGS, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

   I.   ISSUE PRECLUSION DOES NOT APPLY TO PLAINTIFF KATZ'S SEPARATE
       ALLEGATIONS OF AN OVERTIME VIOLATION, BECAUSE NO COURT HAS
       RULED ON THE SUFFICIENCY OF HER ALLEGATIONS (WHICH ARE
       DISTINCT, AND INSUFFICIENT) ................................................................ 1

  II.  DESPITE PLAINTIFF KATZ'S REPEATED ATTEMPTS, SHE STILL DOES NOT
       ALLEGE OVERTIME HOURS WITH SUFFICIENT SPECIFICITY TO SUSTAIN
       HER OVERTIME CLAIM ............................................................................ 4

 III.  MANAGER KNOWLEDGE OF OVERTIME WORK IS A REQUIRED ELEMENT OF
       A *PRIMA FACIE* CASE WHEN OVERTIME WORK IS NOT RECORDED
       PURSUANT TO A LAWFUL TIMEKEEPING POLICY ................................... 6

 IV.  PLAINTIFF KATZ'S OPPOSITION FAILS TO BOLSTER HER LEGALLY
       DEFICIENT ALLEGATIONS OF AN FMLA VIOLATION ........................... 6

    A.  PLAINTIFF KATZ'S FMLA INTERFERENCE CLAIM MUST BE DISMISSED
        BECAUSE SHE DOES NOT SUFFICIENTLY ALLEGE AN INJURY IN FACT ...... 6

    B.  PLAINTIFF KATZ'S FMLA RETALIATION CLAIM LIKEWISE FAILS BECAUSE
        HER ALLEGATIONS FAIL TO PLAUSIBLY TIE AN ADVERSE ACTION TO THE
        EXERCISE OF HER RIGHTS UNDER THE FMLA ................................... 7

  V.  PLAINTIFFS' PAY FREQUENCY CLAIM IS BEST SUITED FOR STATE COURT .. 8

CONCLUSION ...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Creative Transp. v. Commissioner of Labor*,
  PR 49-88 (Aug. 9, 1991) ..................................................................................................9

*DeSilva v. N. Shore-Long Island Jewish Health Sys.*,
  770 F. Supp. 2d 497 (E.D.N.Y. 2011) ...........................................................................6

*Gorman v. Covidien, LLC*,
  146 F. Supp. 3d 509 (S.D.N.Y. 2015)..........................................................................7, 8

*Konkur v. Utica Acad. of Sci. Charter Sch.*,
  2022 N.Y. Slip Op 00911 (2022).............................................................................8, 9, 10

*Knight v. MTA-New York City Transit Auth.*,
  2021 U.S. Dist. LEXIS 112082 (S.D.N.Y. June 15, 2021).............................................6

*Kuebel v. Black & Decker Inc.*,
  643 F.3d 352 (2d Cir. 2011)............................................................................................6

*Limauro v. Consolidated Edison Company of New York, Inc. et al.*,
  2021 U.S. Dist. LEXIS 62519 (S.D.N.Y. Mar. 31, 2021) .............................................5

*Marciano v. SJN Adjustment Grp.*,
  2019 U.S. Dist. LEXIS 172799 (E.D.N.Y. Sept. 30, 2019)...........................................4

*Mendoza v. Cornell Univ.*,
  2021 U.S. Dist. LEXIS 44937 (S.D.N.Y. Mar. 10, 2021) .............................................5

*Mokrov v. Aeroflot Russian Airlines*,
  2021 U.S. Dist. LEXIS 112066 (S.D.N.Y. June 15, 2021).............................................5

*Montana v. United States*,
  440 U.S. 147 (1979)........................................................................................................2

*Ortiz v. Ciox Health LLC*,
  27 N.Y.3d 353 (2021) .....................................................................................................8

*Paleja v. Kp Ny Operations LLC*,
  2022 U.S. App. LEXIS 3399 (2d Cir. Feb. 8, 2022) .....................................................4

*Paramount Pictures Corp. v. Allianz Risk Transfer AG*,
  31 N.Y.3d 64 (2018) ......................................................................................................3

*Serrano v. I. Hardware Distribs., Inc.,*
   2015 U.S. Dist. LEXIS 97876 (S.D.N.Y. July 27, 2015) ........................................4

*Sheehy v Big Flats Community Day, Inc.,*
   73 N.Y.2d 629 (1989) ........................................................................................8

*Skidanenko v. Equinox Holdings, Inc.,*
   No. 20-CV-01550 (WFK) (E.D.N.Y. 2020) ...................................................1, 2, 5

*Spokeo, Inc. v. Robins,*
   578 U.S. 330 (2019)...............................................................................................7

*Thompson v. Urban Recovery House, LLC,*
   2022 U.S. Dist. LEXIS 34220 (S.D.N.Y. Feb. 28, 2022)....................................4, 5

*Travelers Indem. Co. v. Northrop Grumman Corp.,*
   2021 U.S. Dist. LEXIS 177555 (S.D.N.Y. Sept. 17, 2021)...................................2, 3

*Zapata v. HSBC Holdings PLC,*
   414 F. Supp. 342 (E.D.N.Y. 2019) ........................................................................1

*Zapata v. HSBC Holdings PLC,*
   825 F. App'x 55 (2d Cir. 2020) .............................................................................1

**Statutes**

29 U.S.C. §§ 201 *et seq.*...............................................................................1, 5, 10

29 U.S.C. §§ 2601 *et seq.*........................................................................1, 6, 7, 10

New York Labor Law § 191 ....................................................................................8, 9

New York Labor Law § 195 ....................................................................................9

New York Labor Law § 198-b..................................................................................8

New York Labor Law § 218 ....................................................................................9

New York State Paid Family Leave Law ...............................................................6, 7

## PRELIMINARY STATEMENT

Defendant Equinox Holdings, Inc. ("Equinox") submits this Reply in further support of its motion to dismiss Plaintiff Monique Katz's ("Katz") claims.  The FLSA is a work**week** statute, and her "task based" allegations do not properly plead an overtime claim.  Her individual FMLA claims likewise fail because Katz concedes that she was granted all leaves to which she was entitled.

## ARGUMENT

**I.   ISSUE PRECLUSION DOES NOT APPLY TO PLAINTIFF KATZ'S SEPARATE ALLEGATIONS OF AN OVERTIME VIOLATION, BECAUSE NO COURT HAS RULED ON THE SUFFICIENCY OF HER ALLEGATIONS (WHICH ARE DISTINCT, AND INSUFFICIENT)**

As stated in Plaintiffs' opposition motion, "[i]n this [C]ircuit, issue preclusion applies where: '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party [raising the issue had a full and fair opportunity to litigate the issue [in the prior proceeding]; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Zapata v. HSBC Holdings PLC*, 414 F. Supp. 342, 348 (E.D.N.Y. 2019), *aff'd,* 825 F. App'x 55 (2d Cir. 2020). Dkt. 66 at 6. Issue preclusion is thus not applicable here because an identical issue was not raised in the former E.D.N.Y. *Skidanenko* action, and no judge has ruled on the sufficiency of Katz's allegations in support of her overtime claim.

It is indisputable that the substance of Plaintiffs' Katz's and Skidanenko's respective allegations are factually different.[1] Thus, the issue before this Court is different than the issue ruled

---

[1] Defendant maintains that Plaintiff Skidanenko's claims, as pled, patently fail to meet the minimum specificity threshold required to sustain an FLSA overtime claim, but acknowledges that  Judge Kuntz previously ruled on the sufficiency of her allegations, and does not ask this Court to sit in review of Judge Kuntz's application of the motion to dismiss standard, though notes that His Honor did not address the authority Defendant submitted on that application

on by Judge Kuntz in the *Skidanenko* action. *See Travelers Indem. Co. v. Northrop Grumman Corp.*, 2021 U.S. Dist. LEXIS 177555, at *10 (S.D.N.Y. Sept. 17, 2021) (citing *Kudla v. Kudla*, 173 A.D.3d 1149 (2d Dep't 2019) ("[c]ollateral estoppel does not apply when the essential facts of the earlier case differ from the instant one, even if they involve similar legal issues."); *Montana v. United States*, 440 U.S. 147, 159 (1979) ("changes in facts essential to a judgment will render collateral estoppel inapplicable in a subsequent action raising the same issues").

Even if Plaintiff Katz's allegations contain more detail in some facets than Plaintiff Skidanenko's did, the differences between their respective allegations are stark, precluding a finding that the identical issue was already decided.  Plaintiff Skidanenko's allegations refer to her daily and weekly work hours, based on her assigned shifts and specific arrival and departure times from the facility.  Ex. A. at ¶¶ 235, 238, 243-45.[2]  Unlike Skidanenko, Katz does not allege specific work hours on any specific day or overtime week.  *Compare e.g., id.* to ¶¶ 184, 188. Instead, Katz's factual allegations stem from approximations she arrived at by estimating how long, on average, it took her to complete a task or by aggregating a total based on that "per task" estimation.  *See id.* at ¶¶ 184, 188-89.  For example, for the two-week pay period of April 29 to May 12, 2018, Katz alleges "she performed the equivalent of fifty-four (54) full hour-long PT sessions" and spent "approximately thirty-six (36) hours performing PT session activities and approximately thirty (30) minutes attending weekly meetings" and "[t]hus [she] worked approximately ninety and a half (90.5) hours during this [*bi-weekly*] pay period." *Id.* at ¶ 184.  Katz does not identify a specific week in which she worked overtime bur rather surmises that, for at least one of these two weeks, she must have worked more than 40 hours.  *Id.* at ¶ 185.

---

in detail, including the several decisions within this District submitted after the briefing was complete.  *See* Dkt. 59 ("D's MOL") at 15.  To the contrary, no court has ruled on the sufficiency of Plaintiff Katz's allegations.

[2] Citations to "Ex. A" refer to the Exhibits submitted in connection with Defendant's moving papers.

Thus, an entirely undecided issue is before this Court: whether Plaintiff Katz's allegations regarding her estimations based on task duration are sufficient to support a "reasonable inference" that Plaintiff, in fact, worked more than forty hours in a given week, and rise above impermissible speculation.  In their opposition brief, Plaintiffs broadly state that "the issues before the Court are identical to those decided by Judge Kuntz," however, Judge Kuntz never addressed this specific issue in *Skidanenko* because Skidanenko's overtime claim – regardless of whether sufficient under the pleading standard – was/is not based on the same underlying facts, and ***was*** based on a purported estimate of hours of service.  As such, issue preclusion cannot apply to Katz's allegations.

Public policy also supports the same conclusion.  Issue preclusion is intended to maximize judicial efficiency, minimize inconsistent results, and encourage reliance on adjudication. *Travelers Indem. Co.*, 2021 U.S. Dist. LEXIS 177555, at *10 (citing *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 73 (2018)) (internal citations omitted). Equinox should not be penalized for agreeing to consolidation with *Skidanenko*—thereby foregoing a potential appeal of the decision on the motion to dismiss—in furtherance of those same principles.  If this Court holds that, under these circumstances, Equinox's decision to agree to consolidate the related actions precludes it from challenging the sufficiency of Katz's allegations, it will be creating a strong incentive for litigants to avoid making practical compromises in the name of judicial efficiency.  Issue preclusion is intended to prevent duplication of work and re-litigation of the same issue.  It is not intended as a "gotcha" to penalize a party for agreeing to consolidate two overlapping litigations and preclude it from obtaining a ruling on an issue not yet decided by a Court.  There can be no more issue preclusion here than if the actions remained unconsolidated.

Accordingly, Defendant is entitled to a ruling on the merits with regard to the sufficiency of Katz's overtime allegations.

## II.   DESPITE PLAINTIFF KATZ'S REPEATED ATTEMPTS, SHE STILL DOES NOT ALLEGE OVERTIME HOURS WITH SUFFICIENT SPECIFICITY TO SUSTAIN HER OVERTIME CLAIM

Katz's allegations at best give rise to the "possibility" that overtime was worked in a week, but approximations of a number of tasks, coupled with estimates of the amount of time those tasks generally took to complete—pled upon information and belief—constitute the kind of speculation that courts in this district routinely make clear fall short of the pleading standard set forth in *Lundy*. D's MOL at 11-12.  Even since Defendant submitted its moving papers, the Circuit has reiterated the standard, and an additional court in this District has applied it.  *Paleja v. Kp Ny Operations LLC*, 2022 U.S. App. LEXIS 3399 (2d Cir. Feb. 8, 2022) (while Plaintiff provided one non-conclusory allegation regarding working overtime hours, he failed to connect that allegation to his salary to establish that he did not receive an overtime premium); *Thompson v. Urban Recovery House, LLC,* 2022 U.S. Dist. LEXIS 34220, at \*15-16 (S.D.N.Y. Feb. 28, 2022) (allegations of "regular" missed meal breaks bringing a non-overtime schedule above the overtime threshold were insufficiently specific to plead an overtime claim).

As explained *supra*, Katz does not assert allegations of specific work hours on any day (to say nothing of summarizing an overtime week).  Rather, she makes a bald estimate of a number of tasks performed and an expected value "per task", which is not sufficient to support a "reasonable inference" that Plaintiff, in fact, worked more than forty hours in a given week.  *Serrano v. I. Hardware Distribs., Inc.,* 2015 U.S. Dist. LEXIS 97876, at \*7-8 (S.D.N.Y. July 27, 2015) (allegations that plaintiffs "worked 'an average' of 62 and 60 hours per week" and "'often' worked over ten hours per day" without receiving overtime "over a period of years" failed to state an overtime claim because plaintiffs did "not allege that they worked more than 40 hours in a 'given'

work week"); *Marciano v. SJN Adjustment Grp.*, 2019 U.S. Dist. LEXIS 172799, at *6 (E.D.N.Y. Sept. 30, 2019) (finding plaintiffs' claims to be "bare bone allegations" where plaintiffs alleged they were required to be available to work at least forty hours per week and commonly worked between fifty and sixty hours per week); *Thompson*, 2022 U.S. Dist. LEXIS 34220 (allegation that breaks were "typically" missed, giving rise to an overtime event, were insufficiently specific).

Further, and as previously addressed herein, Katz's underlying factual allegations are different than those asserted by Skidanenko, and thus Judge Kuntz's finding that Skidanenko's allegations sufficiently stated a claim has no relevance here.[3] Specifically, although lacking detail about the tasks she performed, Skidanenko recites her alleged actual hours worked, including beginning times and end times, creating—at least as determined by Judge Kuntz—a plausible inference of overtime hours. Ex. A at ¶¶ 235, 238, 278. Conversely, Katz takes the opposite approach, relying not on her hours worked but rather on a summary of the tasks she performed. *See id.* at ¶¶ 184, 188-89. As such, Plaintiffs take Defendant's statement that Katz's "allegations are still far more detailed than those specific to Skidanenko" out of context. Dkt. 66 at 13. While it is true that Katz's description of the tasks that she allegedly performed is more detailed than Skidanenko's barebones recitation of recurring hours (with no heft regarding the tasks performed

---

[3] Defendant again notes that its motion to dismiss in *Skidanenko* was fully briefed *prior* to the issuance of several, directly relevant decisions from this District (as opposed to the EDNY, where *Skidanenko* was pending), which cut against Judge Kuntz's decision. *See Knight v. MTA-New York City Transit Auth.*, 2021 U.S. Dist. LEXIS 112082, at *8-10 (S.D.N.Y. June 15, 2021*)* (finding allegations lacked sufficient details about the length and frequency of the alleged unpaid work to state a FLSA overtime claim even though plaintiff alleged specific weeks and time periods when she worked more than 40 hours); *Mokrov v. Aeroflot Russian Airlines*, 2021 U.S. Dist. LEXIS 112066, at *8-9 (S.D.N.Y. June 15, 2021) (granting motion to dismiss FLSA overtime claims because "Plaintiffs do not specify, even approximately, how many hours in excess of forty that they worked per week or when they were required to do so" and "allegations that a plaintiff 'typically,' 'occasionally,' or 'regularly' worked more than forty hours a week, without more, are insufficient to state a claim."); *Mendoza, v. Cornell Univ.*, 2021 U.S. Dist. LEXIS 44937, at *7 (S.D.N.Y. Mar. 10, 2021) (finding plaintiff did not set forth a plausible claim for relief under the FLSA when plaintiff's only example of overtime work was inconsistent with other allegations and lacked detail about when or how plaintiff calculated hours worked); *Limauro v. Consolidated Edison Company of New York, Inc. et al.*, 2021 U.S. Dist. LEXIS 62519, at *4 (S.D.N.Y. Mar. 31, 2021) (granting motion to dismiss NYLL overtime claims because "[t]he allegations lack specificity as to *when* Limauro was required to work more than forty hours a week or the *frequency* with which he did so.") (emphasis in original).

during that identified window), Katz's allegations remain deficient in a way that Skidanenko's are not: they simply do not allege the hours of work she speculates occurred.  Accordingly, Plaintiffs' attempt to prove the sufficiency of Katz's claims by comparing them to Skidanenko's is unavailing and should have no bearing on this Court's analysis of Katz's speculative and legally deficient allegations.

## III.   MANAGER KNOWLEDGE OF OVERTIME WORK IS A REQUIRED ELEMENT OF A *PRIMA FACIE* CASE WHEN OVERTIME WORK IS NOT RECORDED PURSUANT TO A LAWFUL TIMEKEEPING POLICY

Sufficient allegations of manager knowledge of overtime worked is part of the *prima facie* case when overtime work is not recorded by a plaintiff as part of submitted time records.  *See Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011).  Based on Katz's own allegation, she failed to report her overtime hours, however, she still contends it was "common knowledge" that these activities took "well over two (2) to three (3) hours… per week."  Ex. A at ¶¶ 92, 95.  But, as set forth in Defendant's moving brief, Plaintiff's conclusory allegation—based upon her information and belief—that Defendant had actual or constructive knowledge that the time spent performing certain tasks brought her weekly hours above 40 in a workweek is not enough to demonstrate employer knowledge of unpaid overtime.  *See DeSilva v. N. Shore-Long Island Jewish Health Sys.*, 770 F. Supp. 2d 497, 505 (E.D.N.Y. 2011) (allegation that conclusorily-pled overtime work "has been performed in plain sight of defendants' management and also at management's request" insufficiently specific to plead employer knowledge).

## IV.   PLAINTIFF KATZ'S OPPOSITION FAILS TO BOLSTER HER LEGALLY DEFICIENT ALLEGATIONS OF AN FMLA VIOLATION

### A.   *Plaintiff Katz's FMLA Interference Claim Must Be Dismissed Because She Does Not Sufficiently Allege An Injury In Fact*

Plaintiff Katz unpersuasively argues that, even though she was permitted to take her first leave pursuant to New York's Paid Family Leave law ("PFL"), she still can maintain an FMLA

interference claim because Equinox failed to designate the leave as FMLA leave.  Not so.  It is undisputed that Plaintiff's initial leave request was granted. *See* Ex. A at ¶ 205. Thus, whether Equinox coded Katz's leave request as FMLA leave or not, Katz received the benefits to which she was entitled.[4]   Even if, as Katz argues, Defendant violated a technical administrative requirement to notify Katz of the FMLA leave designation—a point which Equinox denies—at the onset of the leave, Plaintiff suffered no injury in fact.  The Supreme Court made clear in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2019) that "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, at 1549. A "bare procedural violation, divorced from any concrete harm does not satisfy the injury-in-fact requirement of Article III." *Id*. Thus, even taking Katz's allegations in the Complaint at face value, she cannot sustain her FMLA interference claim because she was permitted to take all requested leaves.

**B.**    ***Plaintiff Katz's FMLA Retaliation Claim Likewise Fails Because Her Allegations Fail to Plausibly Tie an Adverse Action to the Exercise of Her Rights Under the FMLA***

In support of her FMLA retaliation claim, Plaintiff Katz cites to a final warning she was allegedly issued for taking leave from December 17, 2019 to January 7, 2020 as evidence of unlawful retaliation. Ex. A at ¶¶ 202, 205. But, as many courts in this district have held, written discipline alone does not constitute an adverse action.  *See Gorman v. Covidien, LLC*, 146 F. Supp. 3d 509, 524 (S.D.N.Y. 2015) (An adverse employment action is a "materially adverse" change in the terms and conditions of employment and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities."). Such a change might be indicated by "a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits,

---

[4] Notably, Plaintiff benefited by virtue of her leave being processed under New York's Paid Family Leave Law ("PFL").  Whereas FMLA leave is unpaid, PFL provides salary benefits to employees on leave.

significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *See id*, 146 F. Supp. 3d at 524. Katz fails to allege that the written warning issued to her had any effect on the terms and conditions of her employment – precisely because it did not. Katz continued working as a Tier 3 trainer with the same responsibilities and at the same salary she had prior to taking leave.

## V.  PLAINTIFFS' PAY FREQUENCY CLAIM IS BEST SUITED FOR STATE COURT.

Katz contends that because "§ 191 is not a novel and complex issue of state law," it is appropriately situated before this Court. Dkt. 66 at 23. However, Katz's contention that the law is already well-settled regarding the viability of Plaintiffs' pay frequency claims is false. Indeed, New York State's highest court recently issued a new decision regarding another provision of N.Y. Labor Law Article 6 in which it held that "a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the legislature or with some other aspect of the over-all statutory scheme." *Konkur v. Utica Acad. of Sci. Charter Sch.*, 2022 NY Slip Op 00911, ¶ 2 (2022) (quoting *Sheehy v Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 634-635 (1989). Whether the creation of a private right under Section 191 of the NYLL would be consistent with the legislative scheme "typically turns on the legislature's choice to provide one particular enforcement mechanism to the exclusion of others because it demonstrates that the legislature considered and decided what avenues of relief were appropriate." *Konkur*, 2022 N.Y. LEXS at \*5, (quoting *Ortiz v. Ciox Health LLC*, 27 N.Y.3d 353 (2021)). This is because if the legislature has already provided an enforcement mechanism, it would be inconsistent with the legislative scheme to ignore that choice and create yet another enforcement mechanism the legislature did not provide.

In *Konkur*, the Court of Appeals held that NYLL § 198-b—which prohibits wage kickbacks—does not contain an implied private right of action because the statutory scheme at issue already expressly provides "two robust enforcement mechanisms, indicating that the legislature considered how best to effectuate its intent and provided the avenues for relief it deemed warranted." *Konkur*, 2022 N.Y. LEXS at *7 (internal quotations and citation omitted). In turn, the *Konkur* Court explained it must "decline to find *another* enforcement mechanism beyond the statute's already comprehensive scheme." *Id.* at *7-8 (internal quotations and citation omitted) (emphasis added).

The same logic applies to Plaintiffs' frequency of pay claim here, which, of course, involves an "*article 6 provision*." *Konkur* relied on the availability of criminal enforcement mechanism and administrative enforcement under NYLL § 218, including civil penalties, as evidence the legislature did not intend for a private right of action. Likewise, the New York legislature provided for civil penalties of $1,000-$3,000 under NYLL § 218 for frequency of pay violations because there is no private right of action. Thus, there is already an established and comprehensive enforcement mechanism for violations of the weekly payment law. The New York legislature did not expressly provide for a private right of action, though it had ample opportunity to do so, and provided such an express right for numerous other provisions of the Labor Law (such as statutory damages for failure to provide proper notice under NYLL § 195). It would, therefore, be antithetical to infer from its silence that the legislature intended to create a private right of action where none otherwise exists.[5]

---

[5] Again, Defendant submits that even if such a claim could lie, Plaintiffs were not "within the unskilled and menial wage force which the statute was intended to [protect]". *Creative Transportation v. Commissioner of Labor,* PR 49-88 (Aug. 9, 1991); D's MOL at 16.

Thus, *Konkur* offers recent and concrete proof that whether Section 191 of the New York Labor Law provides for a private right of action remains – at best – a disputed issue under New York law that is better left for New York courts. While Plaintiffs cite several examples of federal courts accepting jurisdiction over Section 191 claims, notably, all of the cases cited by Plaintiffs were decided *prior* to the Court of Appeals' decision in *Konkur*, which renders those decisions inapposite. Accordingly, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' pay frequency claims.[6]

## CONCLUSION

Plaintiff Katz's approach to pleading FLSA overtime is novel, but misplaced. The Second Circuit (and SDNY courts following it) have consistently rejected allegations regarding what "usually" or "typically" happened; they have rejected non-specific estimates. That Plaintiff's generalized estimate is of the typical length of a task, rather than a work day, renders it more speculative, not less, and thus deficient. Her FMLA claim is similarly conclusory, and acknowledges that she received appropriate leave. These claims should be dismissed.

Dated:  Melville, New York
        March 25, 2022

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Rd., Ste. 250
Melville, New York 11747
(631) 247-0404

By: _____
    NOEL P. TRIPP, ESQ.
    ADAM S. GROSS, ESQ.

---

[6] This is especially so here where Plaintiffs' frequency of pay claims have no bearing or relation to Plaintiffs' FLSA allegations in this case (namely, allegations of excess client programming and client development).

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022 the **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EQUINOX HOLDINGS, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules and the Southern District's Rules on Electronic Service upon the following parties and participants:

James Vagnini, Esq.
Alexander White, Esq.
VALLI KANE & VAGNINI LLP
Attorneys for Plaintiff
600 Old Country Road, Suite 519
Garden City, New York
(516)203-7180

D. Maimon Kirschenbaum, Esq.
Denise Schulman, Esq.
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212)688-5640

Jacob Aronauer, Esq.
LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
(212)323-6980

Mariya Gonor, Esq.
Kimberley A. Brunner, Esq.
BEATTIE PADOVANO, LLC
200 Market Street, Suite 401
Montvale, New Jersey 076545
(201)799-9736


NOEL P. TRIPP, ESQ.