## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 S. Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
     NOEL P. TRIPP, ESQ.
     ADAM S. GROSS, ESQ.
     CASSANDRA M. FICANO, ESQ.

---

MONIQUE KATZ and YEKATERINA SKIDANENKO, individually and on behalf of all others similarly situated,

          Plaintiffs,

       -against-

EQUINOX HOLDINGS, INC.

          Defendant.

Civ. No.:  20-cv-09856(VEC)

**DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFFS' "FIRST AMENDED COMPLAINT"**

---

TO:    James Vagnini, Esq.
       Alexander White, Esq.
       VALLI KANE & VAGNINI LLP
       600 Old Country Road, Suite 519
       Garden City, New York 11530
       (516) 203-7180
       jvagnini@vkvlawyers.com
       awhite@vkvlawyers.com

       D. Maimon Kirschenbaum, Esq.
       Denise Schulman, Esq.
       JOSEPH & KIRSCHENBAUM LLP
       32 Broadway, Suite 601

New York, New York 10004
(212) 688-5640
maimon@jhllp.com

Jacob Aronauer, Esq.
LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauerr@aronauerlw.com

Mariya Gonor, Esq.
Kimberley A. Brunner, Esq.
BEATTIE PADOVANO, LLC
200 Market Street, Suite 401
Montvale, New Jersey 076545
(201) 799-9736
MGonor@beattielaw.com
kbrunner@beattielaw.com

## <u>DEFENDANT EQUINOX HOLDINGS, INC.'S ANSWER TO PLAINTIFFS' "FIRST AMENDED COMPLAINT"</u>

Defendant, EQUINOX HOLDINGS, INC., by and through its undersigned attorneys, in response to the allegations in Plaintiffs' "FIRST AMENDED COMPLAINT" (Dkt. 55) ("FAC"), states as follows:

### <u>AS TO "INTRODUCTION"</u>

1.      Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph "1" of the FAC, but denies any and all factual allegations contained therein and denies that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

2.      Defendant denies the allegations in Paragraph "2" of the FAC.

3.      To the extent Paragraph "3" contains factual allegations requiring a response, Defendant denies the allegations in Paragraph "3" of the FAC, and avers that the cited newspaper article is a document that speaks for itself.

4.      Defendant admits that it was a Defendant in the legal proceedings cited in Paragraph "4" of the FAC, avers that the cited proceedings speak for themselves, and denies that it has committed any violation of law and further denies any factual allegations based on reference to those proceedings.

5.      Paragraph "5" of the FAC calls for a legal conclusion.  To the extent Paragraph "5" contains factual allegations requiring a response, Defendant denies the allegation in Paragraph "5" of the FAC that other individuals were/are "similarly situated" to Plaintiffs, but avers that it previously employed Plaintiffs as personal trainers.

6.      Paragraph "6" of the FAC calls for a legal conclusion.  To the extent Paragraph "6" contains factual allegations requiring a response, Defendant denies the allegations in Paragraph "6" of the FAC, but avers that Plaintiff Katz was employed as a Tier 1 personal trainer from approximately August 2015 to January 2016, as a Tier 2 personal trainer from approximately February 2016 to May 207, and as a Tier 3 personal trainer from approximately May 2017 to February 2020, and further avers that Plaintiff Skidanenko was employed as a Tier 1 Trainer until in or about October 2019.

7.      Defendant denies the allegations in Paragraph "7" of the FAC.

8.      Defendant denies the allegations in Paragraph "8" of the FAC.

9.      Defendant denies the allegations in Paragraph "9" of the FAC.

10.      Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph "10" of the FAC, but denies any and all allegations in Paragraph "10" of the FAC and further denies that Plaintiffs are entitled to any relief whatsoever on behalf of Plaintiff Katz or any other individual.

11.     Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph "11" of the FAC, but denies any and all allegations in Paragraph "11" of the FAC and further denies that Plaintiffs are entitled to any relief whatsoever on behalf of Plaintiff Katz or any other individual.

12.     Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph "12" of the FAC, but denies any and all allegations in Paragraph "12" of the FAC and further denies that Plaintiffs are entitled to any relief whatsoever on behalf of Plaintiff Skidanenko or any other individual.

13.     Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph "13" of the FAC, but denies any and all allegations in Paragraph "13" of the FAC and further denies that Plaintiffs are entitled to any relief whatsoever on behalf of Plaintiffs or any other individual.

14.     Defendant admits that Plaintiff Katz purports to proceed as set forth in Paragraph "14" of the FAC, but denies any and all allegations in Paragraph "14" of the FAC and further denies that Plaintiff Katz is entitled to any relief whatsoever.

## AS TO "JURISDICTION AND VENUE"

15.     Paragraph "15" of the FAC calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the Court has original jurisdiction over Plaintiffs' federal claims pursuant to the cited provisions generally, but denies any violation of law.

16.     Paragraph "16" of the FAC calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth therein.

17.     Defendant denies the allegations in Paragraph "17" of the FAC, except admits, to the extent jurisdiction properly is exercised, that venue is proper in this District.

18.     Paragraph "18" of the FAC calls for a legal conclusion. To the extent Paragraph "18" contains factual material requiring a response, Defendant denies the Court can or should exercise supplemental jurisdiction over Plaintiffs' state law claims in this matter.

## AS TO "THE PARTIES"

19.     Paragraph "19" of the FAC calls for a legal conclusion. To the extent Paragraph "19" contains factual material requiring a response, Defendant denies the allegations set forth therein and respectfully refers the Court to the statutes cited therein for their full content and meaning. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Plaintiff Katz resides in Brooklyn, New York."

20.     Defendant denies the allegations in Paragraph "20" of the FAC.

21.     Paragraph "21" of the FAC calls for a legal conclusion. To the extent Paragraph "21" contains factual material requiring a response, Defendant denies the allegations set forth therein and respectfully refers the Court to the statutes cited by Plaintiffs for their full content and meaning. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Plaintiff Skidanenko resides in Brooklyn, New York."

22.     Defendant denies the allegations in Paragraph "22" of the FAC.

23.     Defendant denies the allegations in Paragraph "23" of the FAC, but avers that it previously employed Plaintiff Katz.

24.     Paragraph "24" of the FAC calls for a legal conclusion. To the extent Paragraph "24" contains factual material requiring a response, Defendant denies the allegations

set forth therein and respectfully refers the Court to the statutes cited by Plaintiffs for their full content and meaning.

25.     Paragraph "25" of the FAC calls for a legal conclusion. To the extent Paragraph "25" contains factual material requiring a response, Defendant denies the allegations set forth therein.

26.     Paragraph "26" of the FAC calls for a legal conclusion. To the extent Paragraph "26" contains factual material requiring a response, Defendant denies the allegations set forth therein.

27.     Paragraph "27" of the FAC calls for a legal conclusion. To the extent Paragraph "27" contains factual material requiring a response, Defendant denies the allegations set forth therein.

28.     Paragraph "28" of the FAC calls for a legal conclusion. To the extent Paragraph "28" contains factual material requiring a response, Defendant denies the allegations set forth therein.

29.     Paragraph "29" of the FAC calls for a legal conclusion. To the extent Paragraph "29" contains factual material requiring a response, Defendant denies the allegations set forth therein.

30.     Defendant denies the allegations in Paragraph "30" of the FAC, and avers that its policy is to comply with applicable law.

31.     Defendant denies the allegations in Paragraph "31" of the FAC.

32.     Defendant denies the allegations in Paragraph "32" of the FAC.

33.     Defendant denies the allegations in Paragraph "33" of the FAC.

34.     Defendant denies the allegations in Paragraph "34" of the FAC.

35.     Defendant denies allegations in Paragraph "35" of the FAC.

36.     Defendant denies the allegations in Paragraph "36" of the FAC.

37.     Defendant denies the allegations in Paragraph "37" of the FAC, except admits it hired Plaintiff Katz.

38.     Defendant denies the allegations in Paragraph "38" of the FAC.

39.     Defendant denies the allegations in Paragraph "39" of the FAC.

40.     Defendant denies the allegations in Paragraph "40" of the FAC.

41.     Defendant denies the allegations in Paragraph "41" of the FAC.

42.     Paragraph "42" calls for a legal conclusion.  To the extent Paragraph "42" contains factual material requiring a response, Defendant denies the allegations in Paragraph "42" of the FAC, except avers that Equifax, Inc. represented Defendant in connection with Plaintiff Katz's claim for unemployment compensation.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "43" of the FAC because "Human Resources related services" is undefined and subject to varying interpretations, and denies any factual allegations relating to the purportedly defined group of "Trainers."

44.     Defendant denies the allegations in Paragraph "44" of the FAC, except avers that it identifies potential job openings for certain positions, at times including personal trainers, at a web page within the cited domain name.

## AS TO "STATEMENT OF FACTS"

## AS TO "I. General Facts"

45.     Defendant denies the allegations in Paragraph "45" of the FAC.

46.     Defendant denies the allegations in Paragraph "46" of the FAC, but avers that personal training is made available to members at certain Equinox locations.

47.     Defendant denies the allegations in Paragraph "47" of the FAC.

48.     Defendant denies the allegations in Paragraph "48" of the FAC, except avers that Plaintiffs received compensation on both an hourly and non-hourly (commission) basis during their respective employment.

49.     Defendant denies the allegations in Paragraph "49" of the FAC.

50.     Defendant denies the allegations in Paragraph "50" of the FAC.

51.     Defendant denies the allegations in Paragraph "51" of the FAC.

**AS TO "a. Floor Shifts"**

52.     Defendant denies the allegations in Paragraph "52" of the FAC.

53.     Defendant denies the allegations in Paragraph "53" of the FAC.

54.     Defendant denies the allegations in Paragraph "54" of the FAC.

55.     Defendant denies the allegations in Paragraph "55" of the FAC.

56.     Defendant denies the allegations in Paragraph "56" of the FAC.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "57" of the FAC regarding what the referenced garment "signifies" to customers, and otherwise denies the allegations contained therein.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "58" of the FAC regarding any specific instance referenced therein and otherwise denies the allegations.

59.     Defendant denies the allegations in Paragraph "59" of the FAC, except avers Plaintiffs were required to record their floor shifts.

60.     Defendant denies the allegations in Paragraph "60" of the FAC.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "61" of the FAC regarding any specific instance referenced therein and otherwise denies the allegations.

62.     Defendant denies the allegations in Paragraph "62" of the FAC.

**AS TO "b. Equifit Sessions"**

63.     Defendant denies the allegations in Paragraph "63" of the FAC.

64.     Defendant denies the allegations in Paragraph "64" of the FAC.

65.     Defendant denies the allegations in Paragraph "65" of the FAC.

66.     Defendant denies the allegations in Paragraph "66" of the FAC.

67.     Defendant denies the allegations in Paragraph "67" of the FAC.

68.     Defendant denies the allegations in Paragraph "68" of the FAC.

69.     Defendant denies the allegations in Paragraph "69" of the FAC.

70.     Defendant denies the allegations in Paragraph "70" of the FAC.

71.     Defendant denies the allegations in Paragraph "71" of the FAC.

72.     Defendant denies the allegations in Paragraph "72" of the FAC.

73.     Defendant denies the allegations in Paragraph "73" of the FAC, but avers that Plaintiffs were paid in compliance with New York's minimum wage requirements.

74.     Defendant denies the allegations in Paragraph "74" of the FAC.

75.     Defendant denies the allegations in Paragraph "75" of the FAC.

76.     Defendant denies the allegations in Paragraph "76" of the FAC.

77.     Defendant denies the allegations in Paragraph "77" of the FAC.

### AS TO "c. Personal Training Sessions"

78.    Defendant denies the allegations in Paragraph "78" of the FAC.

79.    Defendant denies the allegations in Paragraph "79" of the FAC.

80.    Defendant denies the allegations in Paragraph "80" of the FAC.

81.    Defendant denies the allegations in Paragraph "81" of the FAC    .

82.    Defendant denies the allegations in Paragraph "82" of the FAC.

83.    Defendant denies the allegations in Paragraph "83" of the FAC.

84.    Defendant denies the allegations in Paragraph "84" of the FAC.

85.    Defendant denies the allegations in Paragraph "85" of the FAC.

86.    Defendant denies the allegations in Paragraph "86" of the FAC.

87.    Defendant denies the allegations in Paragraph "87" of the FAC.

88.    Defendant denies the allegations in Paragraph "88" of the FAC.

89.    Defendant denies the allegations in Paragraph "89" of the FAC.

90.    Defendant denies the allegations in Paragraph "90" of the FAC.

91.    Defendant denies the allegations in Paragraph "91" of the FAC.

92.    Defendant denies the allegations in Paragraph "92" of the FAC.

93.    Defendant denies the allegations in Paragraph "93" of the FAC.

94.    Defendant denies the allegations in Paragraph "94" of the FAC.

95.    Defendant denies the allegations in Paragraph "95" of the FAC.

96.    Defendant denies the allegations in Paragraph "96" of the FAC.

97.    Defendant denies the allegations in Paragraph "97" of the FAC.

98.    Defendant denies the allegations in Paragraph "98" of the FAC.

99.    Defendant denies the allegations in Paragraph "99" of the FAC.

100.    Defendant denies the allegations in Paragraph "100" of the FAC.

101.    Defendant denies the allegations in Paragraph "101" of the FAC.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "102" of the FAC regarding any specific instance referenced therein and otherwise denies the allegations.

103.    Defendant denies the allegations in Paragraph "103" of the FAC.

104.     Defendant denies the allegations in Paragraph "104" of the FAC.

### AS TO "d. Guided Sessions"

105.     Defendant denies the allegations in Paragraph "105" of the FAC.

106.    Defendant denies the allegations in Paragraph "106" of the FAC.

107.    Defendant denies the allegations in Paragraph "107" of the FAC.

108.    Defendant denies the allegations in Paragraph "108" of the FAC.

109.    Defendant denies the allegations in Paragraph "109" of the FAC.

110.    Defendant denies the allegations in Paragraph "110" of the FAC.

111.    Defendant denies the allegations in Paragraph "111" of the FAC.

112.    Defendant denies the allegations in Paragraph "112" of the FAC.

113.    Defendant denies the allegations in Paragraph "113" of the FAC.

114.    Defendant denies the allegations in Paragraph "114" of the FAC.

115.    Defendant denies the allegations in Paragraph "115" of the FAC.

116.    Defendant denies the allegations in Paragraph "116" of the FAC.

### AS TO "e. Meetings"

117.    Defendant denies the allegations in Paragraph "117" of the FAC.

118.    Defendant denies the allegations in Paragraph "118" of the FAC.

119.    Defendant denies the allegations in Paragraph "119" of the FAC.

120.    Defendant denies the allegations in Paragraph "120" of the FAC.

121.    Defendant denies the allegations in Paragraph "121" of the FAC.

122.    Defendant denies the allegations in Paragraph "122" of the FAC.

123.    Defendant denies the allegations in Paragraph "123" of the FAC.

124.    Defendant denies the allegations in Paragraph "124" of the FAC.

125.    Defendant denies the allegations in Paragraph "125" of the FAC.

126.    Defendant denies the allegations in Paragraph "126" of the FAC.

127.    Defendant denies the allegations in Paragraph "127" of the FAC.

128.    Defendant denies the allegations in Paragraph "128" of the FAC.

129.    Defendant denies the allegations in Paragraph "129" of the FAC.

130.    Defendant denies the allegations in Paragraph "130" of the FAC.

131.    Defendant denies the allegations in Paragraph "131" of the FAC.

132.    Defendant denies the allegations in Paragraph "132" of the FAC.

**AS TO "II. Defendant's Violations of the FLSA, the NYLL, and the NYCRR"**

133.    Defendant denies the allegations in Paragraph "133" of the FAC.

134.    Defendant denies the allegations in Paragraph "134" of the FAC.

**AS TO "a. Defendant's Failure to Pay Overtime and Defendant's Knowledge of the Violations"**

135.    Defendant denies the allegations in Paragraph "135" of the FAC.

136.    Defendant denies the allegations in Paragraph "136" of the FAC.

137.    Defendant denies the allegations in Paragraph "137" of the FAC.

138.    Defendant denies the allegations in Paragraph "138" of the FAC.

139.    Defendant denies the allegations in Paragraph "139" of the FAC.

140.    Defendant denies the allegations in Paragraph "140" of the FAC.

141.    Defendant denies the allegations in Paragraph "141" of the FAC.

142.    Defendant denies the allegations in Paragraph "142" of the FAC.

143.    Defendant denies the allegations in Paragraph "143" of the FAC.

144.    Defendant denies the allegations in Paragraph "144" of the FAC.

145.    Defendant denies the allegations in Paragraph "145" of the FAC.

146.    Defendant denies the allegations in Paragraph "146" of the FAC.

147.    Defendant denies the allegations in Paragraph "147" of the FAC.

148.    Defendant denies the allegations in Paragraph "148" of the FAC.

149.    Defendant denies the allegations in Paragraph "149" of the FAC.

150.    Defendant denies the allegations in Paragraph "150" of the FAC.

151.    Defendant denies the allegations in Paragraph "151" of the FAC.

152.    Defendant denies the allegations in Paragraph "152" of the FAC.

153.    Defendant denies the allegations in Paragraph "153" of the FAC.

154.    Defendant denies the allegations in Paragraph "154" of the FAC.

155.    Defendant denies the allegations in Paragraph "155" of the FAC.

## AS TO "b. Defendant's Minimum Wage Violations"

156.    Defendant denies the allegations in Paragraph "156" of the FAC.

157.    Defendant denies the allegations in Paragraph "157" of the FAC.

158.    Defendant denies the allegations in Paragraph "158" of the FAC.

159.    Defendant denies the allegations in Paragraph "159" of the FAC.

160.    Defendant denies the allegations in Paragraph "160" of the FAC.

161.    Defendant denies the allegations in Paragraph "161" of the FAC.

**AS TO "c. Defendant's Failure to Timely Pay Wages, Unlawful Deduction of Wages, and Failure to Issue the Requisite Wage Statements"**

162.     Defendant denies the allegations in Paragraph "162" of the FAC.

163.     Defendant denies the allegations in Paragraph "163" of the FAC.

164.     Defendant denies the allegations in Paragraph "164" of the FAC.

**AS TO "d. Defendant's Failure to Pay Trainers on a Weekly Basis"**

165.     Defendant denies the allegations in Paragraph "165" of the FAC.

166.     Defendant denies the allegations in Paragraph "166" of the FAC.

167.     Defendant denies the allegations in Paragraph "167" of the FAC.

168.     Defendant denies the allegations in Paragraph "168" of the FAC.

169.     Defendant denies the allegations in Paragraph "169" of the FAC.

170.     Defendant denies the allegations in Paragraph "170" of the FAC.

171.     Defendant denies the allegations in Paragraph "171" of the FAC.

**AS TO "III. Facts Specific to Plaintiff Katz"**

172.     Defendant denies the allegations in Paragraph "172" of the FAC, except avers that Plaintiff Katz started work as a Tier One personal trainer on or about August 24, 2015.

173.     Defendant denies the allegations in Paragraph "173" of the FAC, except avers that during her employment Plaintiff Katz worked at the Brookfield Place location.

174.     Defendant admits the allegations in Paragraph "174" of the FAC.

175.     Defendant denies the allegations in Paragraph "175" of the FAC.

176.     Defendant denies the allegations in Paragraph "176" of the FAC.

177.     Defendant denies the allegations in Paragraph "177" of the FAC.

178.     Defendant denies the allegations in Paragraph "178" of the FAC.

179.     Defendant denies the allegations in Paragraph "179" of the FAC.

180.    Defendant denies the allegations in Paragraph "180" of the FAC.

181.    Defendant denies the allegations in Paragraph "181" of the FAC.

182.    Defendant denies the allegations in Paragraph "182" of the FAC.

183.    Defendant denies the allegations in Paragraph "183" of the FAC.

184.    Defendant denies the allegations in Paragraph "184" of the FAC.

185.    Defendant denies the allegations in Paragraph "185" of the FAC.

186.    Defendant denies the allegations in Paragraph "186" of the FAC.

187.    Defendant denies the allegations in Paragraph "187" of the FAC.

188.    Defendant denies the allegations in Paragraph "188" of the FAC.

189.    Defendant denies the allegations in Paragraph "189" of the FAC.

190.    Defendant denies the allegations in Paragraph "190" of the FAC.

191.    Defendant denies the allegations in Paragraph "191" of the FAC.

192.    Defendant denies the allegations in Paragraph "192" of the FAC.

**AS TO "a. Plaintiff Katz's NYCHRL Sexual Harassment Claim"**

193.    Defendant denies the allegations in Paragraph "193" of the FAC.

194.    Defendant denies the allegations in Paragraph "194" of the FAC.

195.    Defendant denies the allegations in Paragraph "195" of the FAC.

196.    Defendant denies the allegations in Paragraph "196" of the FAC.

**AS TO "b. Plaintiff Katz's FMLA Interference/Retaliation and NYCHRL Discrimination and Retaliation Claims"**

197.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "197" of the FAC, that "Plaintiff Katz was diagnosed with severe depression after her father was diagnosed with Parkinson's disease."

198.     Paragraph "198" of the FAC calls for a legal conclusion. To the extent Paragraph "198" contains factual material requiring a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "198" regarding the medical condition of Plaintiff Katz or her father, but denies all factual allegations of wrongdoing.

199.     Paragraph "199" of the FAC calls for a legal conclusion. To the extent Paragraph "199" contains factual material requiring a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "199" regarding the medical condition of Plaintiff Katz's father, but denies all factual allegations of wrongdoing.

200.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "200" of the FAC regarding Plaintiff Katz's father's "continual treatment."

201.     Defendant denies the allegations in Paragraph "201" of the FAC.

202.     Defendant denies the allegations in Paragraph "202" of the FAC.

203.     Defendant denies the allegations in Paragraph "203" of the FAC.

204.     Defendant denies the allegations in Paragraph "204" of the FAC.

205.     Defendant denies the allegations in Paragraph "205" of the FAC.

206.     Defendant denies the allegations in Paragraph "206" of the FAC.

207.     Defendant denies the allegations in Paragraph "207" of the FAC.

208.     Defendant denies the allegations in Paragraph "208" of the FAC, except admits Plaintiff's referenced leave request was approved.

209.     Defendant denies the allegations in Paragraph "209" of the FAC.

210.    Defendant denies the allegations in Paragraph "210" of the FAC.

211.    Defendant denies the allegations in Paragraph "211" of the FAC.

212.    Defendant denies the allegations in Paragraph "212" of the FAC.

213.    Defendant denies the allegations in Paragraph "213" of the FAC.

214.    Defendant denies the allegations in Paragraph "214" of the FAC.

215.    Defendant denies the allegations in Paragraph "215" of the FAC.

216.    Defendant denies the allegations in Paragraph "216" of the FAC.

217.    Defendant denies the allegations in Paragraph "217" of the FAC.

218.    Defendant denies the allegations in Paragraph "218" of the FAC.

219.    Defendant denies the allegations in Paragraph "219" of the FAC.

220.    Defendant denies the allegations in Paragraph "220" of the FAC.

221.    Defendant denies the allegations in Paragraph "221" of the FAC.

222.    Defendant denies the allegations in Paragraph "222" of the FAC.

223.    Defendant denies the allegations in Paragraph "223" of the FAC.

224.    Defendant denies the allegations in Paragraph "224" of the FAC.

**AS TO "IV Facts Specific to Plaintiff Skidanenko"**

225.    Defendant admits the allegations in Paragraph "225" of the FAC.

226.    Defendant admits the allegations in Paragraph "226" of the FAC.

227.    Defendant denies the allegations in Paragraph "227" of the FAC.

228.    Defendant denies the allegations in Paragraph "228" of the FAC regarding her "last official day of work", but avers that the last day Plaintiff Skidanenko performed any work for Defendant was October 29, 2019.

229.     Defendant denies the allegations in Paragraph "229" of the FAC.

230.     Defendant denies the allegations in Paragraph "230" of the FAC.

231.     Defendant denies the allegations contained in Paragraph "231" of the FAC, except admits that Plaintiff participated in training at her time of hire.

232.     Defendant denies the allegations contained in Paragraph "232" of the FAC, except admits that Plaintiff worked as a Tier 1 personal trainer for Defendant.

233.     Defendant denies the allegations in Paragraph "233" of the FAC.

234.     Defendant denies the allegations in Paragraph "234" of the FAC.

235.     Defendant denies the allegations in Paragraph "235" of the FAC.

236.     Defendant denies the allegations in Paragraph "236" of the FAC.

237.     Defendant denies the allegations in Paragraph "237" of the FAC.

238.     Defendant denies the allegations in Paragraph "238" of the FAC.

239.     Defendant denies the allegations in Paragraph "239" of the FAC.

240.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "240" of the FAC regarding Plaintiff Skidanenko's specific activities during floor shifts, and denies any other allegations in Paragraph "240" of the FAC.

241.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "241" of the FAC regarding Plaintiff Skidanenko's specific activities during floor shifts.

242.     Defendant denies the allegations in Paragraph "242" of the FAC.

243.     Defendant denies the allegations in Paragraph "243" of the FAC.

244.     Defendant denies the allegations in Paragraph "244" of the FAC.

245.     Defendant denies the allegations in Paragraph "245" of the FAC.

246.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "246" of the FAC.

247.     Defendant denies the allegations in Paragraph "247" of the FAC.

248.     Defendant denies the allegations in Paragraph "248" of the FAC.

249.     Defendant denies the allegations in Paragraph "249" of the FAC.

250.     Defendant denies the allegations in Paragraph "250" of the FAC.

251.     Defendant denies the allegations in Paragraph "251" of the FAC.

252.     Defendant denies the allegations in Paragraph "252" of the FAC.

253.     Defendant denies the allegations in Paragraph "253" of the FAC.

**AS TO "a. Plaintiff Skidanenko's and the Low-Tier Trainers' Scheduling"**

254.     Defendant denies the allegations in Paragraph "254" of the FAC, except avers that Plaintiff Skidanenko had login credentials to access Defendant's systems during her employment.

255.     Defendant denies the allegations in Paragraph "255" of the FAC.

256.     Defendant denies the allegations contained in Paragraph "256" of the FAC.

257.     Defendant denies the allegations in Paragraph "257" of the FAC.

258.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "258" of the FAC, but avers that Plaintiff had the ability to coordinate her own schedule.

259.     Defendant denies the allegations in Paragraph "259" of the FAC.

260.     Defendant denies the allegations in Paragraph "260" of the FAC.

261.     Defendant denies the allegations in Paragraph "261" of the FAC.

262.     Defendant denies the allegations in Paragraph "262" of the FAC.

19

263.     Defendant denies the allegations in Paragraph "263" of the FAC.

264.     Defendant denies the allegations in Paragraph "264" of the FAC.

265.     Defendant denies the allegations in Paragraph "265" of the FAC.

266.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "266" of the FAC.

267.     Defendant denies the allegations in Paragraph "267" of the FAC.

268.     Defendant denies the allegations in Paragraph "268" of the FAC.

269.     Defendant denies the allegations in Paragraph "269" of the FAC.

270.     Defendant denies the allegations in Paragraph "270" of the FAC.

271.     Defendant denies the allegations in Paragraph "271" of the FAC.

272.     Defendant denies the allegations in Paragraph "272" of the FAC.

273.     Defendant denies the allegations in Paragraph "273" of the FAC.

**AS TO "b. Plaintiff Skidanenko's Wages"**

274.     Defendant denies the allegations in Paragraph "274" of the FAC.

275.     Defendant denies the allegations in Paragraph "275" of the FAC.

276.     Defendant denies the allegations in Paragraph "276" of the FAC.

277.     Defendant denies the allegations in Paragraph "277" of the FAC.

278.     Defendant denies the allegations in Paragraph "278" of the FAC.

279.     Defendant denies the allegations in Paragraph "279" of the FAC.

280.     Defendant denies the allegations in Paragraph "280" of the FAC, except admits that Plaintiff Skidanenko's gross wages for the pay period ending September 28, 2019 were $930.55.

281.     Defendant denies the allegations in Paragraph "281" of the FAC.

282.   Defendant denies the allegations in Paragraph "282" of the FAC.

283.   Defendant denies the allegations in Paragraph "283" of the FAC.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

### AS TO "I. The High-Tier Trainer Collective"

284.   Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "284" of the FAC but denies any and all factual allegations contained therein and denies that Plaintiff Katz is entitled to any relief whatsoever on behalf of herself or any other individual.

285.   Defendant denies the allegations in Paragraph "285" of the FAC.

286.   Defendant denies the allegations in Paragraph "286" of the FAC.

287.   Defendant denies the allegations in Paragraph "287" of the FAC.

288.   Defendant denies the allegations in Paragraph "288" of the FAC.

289.   Defendant denies the allegations in Paragraph "289" of the FAC.

290.   Defendant denies the allegations in Paragraph "290" of the FAC.

291.   Defendant denies the allegations in Paragraph "291" of the FAC.

292.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "292" of the FAC regarding counsel's "familiar[ity] and "experience" with collective and class action litigation, and otherwise denies the allegations in Paragraph "292."

293.   Defendant denies the allegations in Paragraph "293" of the FAC.

294.   Defendant denies the allegations in Paragraph "294" of the FAC.

### AS TO "II. The Low-Tier Trainer Collective"

295.   Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "295" of the FAC but denies any and all factual allegations contained therein and denies that

Plaintiff Skidanenko is entitled to any relief whatsoever on behalf of herself or any other individual.

296.    Defendant denies the allegations in Paragraph "296" of the FAC.

297.    Defendant denies the allegations in Paragraph "297" of the FAC.

298.    Defendant denies the allegations in Paragraph "298" of the FAC.

299.    Defendant denies the allegations in Paragraph "299" of the FAC.

300.    Defendant denies the allegations in Paragraph "300" of the FAC.

301.    Defendant denies the allegations in Paragraph "301" of the FAC.

302.    Defendant denies the allegations in Paragraph "302" of the FAC.

303.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "303" of the FAC regarding counsel's "familiar[ity] and "experience" with collective and class action litigation, and otherwise denies the allegations in Paragraph "303."

304.    Defendant denies the allegations in Paragraph "304" of the FAC.

305.    Defendant denies the allegations in Paragraph "305" of the FAC.

### AS TO "FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS"

### AS TO "I. The High-Tier Trainer Class"

306.    Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "306" of the FAC but denies any and all factual allegations contained therein and denies that Plaintiff Katz is entitled to any relief whatsoever on behalf of herself or any other individual.

307.    Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "307" of the FAC but denies any and all factual allegations contained therein and denies that Plaintiff Katz is entitled to any relief whatsoever on behalf of herself or any other individual.

308.   Defendant denies the allegations in Paragraph "308" of the FAC.

309.   Defendant denies the allegations in Paragraph "309" of the FAC.

310.   Defendant denies the allegations in Paragraph "310" of the FAC.

311.   Defendant denies the allegations in Paragraph "311" of the FAC.

312.   Defendant denies the allegations in Paragraph "312" of the FAC.

313.   Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "313" of the FAC, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff Katz's counsel, and otherwise denies any and all factual allegations contained in Paragraph "313" and denies that Plaintiff Katz is entitled to any relief whatsoever on behalf of herself or any other individual.

314.   Defendant denies the allegations in Paragraph "314" of the FAC.

315.   Defendant denies the allegations in Paragraph "315" of the FAC.

316.   Defendant denies the allegations in Paragraph "316" of the FAC.

317.   Defendant denies the allegations in Paragraph "317" of the FAC.

318.   Defendant denies the allegations in Paragraph "318" of the FAC.

## AS TO "II. The Low-Tier Trainer Class"

319.   Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "319" of the FAC but denies any and all factual allegations contained therein and denies that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

320.   Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "320" of the FAC but denies any and all factual allegations contained therein and denies that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

321.   Defendant denies the allegations in Paragraph "321" of the FAC.

322.    Defendant denies the allegations in Paragraph "322" of the FAC.

323.    Defendant denies the allegations in Paragraph "323" of the FAC.

324.    Defendant denies the allegations in Paragraph "324" of the FAC.

325.    Defendant denies the allegations in Paragraph "325" of the FAC.

326.    Defendant admits Plaintiffs purport to proceed as set forth in Paragraph "326" of the FAC, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' counsel, and otherwise denies any and all factual allegations contained in Paragraph "326" and denies that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individual.

327.    Defendant denies the allegations in Paragraph "327" of the FAC.

328.    Defendant denies the allegations in Paragraph "328" of the FAC.

329.    Defendant denies the allegations in Paragraph "329" of the FAC.

330.    Defendant denies the allegations in Paragraph "330" of the FAC.

331.    Defendant denies the allegations in Paragraph "331" of the FAC.

## AS TO "CAUSES OF ACTION"

## AS TO "AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF The Fair Labor Standards Act, 29 U.S.C. § 217, Made by Plaintiff Katz on Behalf of all HTT Collective Plaintiffs (Failure to Pay Overtime)"

332.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "331" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

333.    Defendant denies the allegations in Paragraph "333" of the FAC.

334.    Defendant denies the allegations in Paragraph "334" of the FAC.

335.    Defendant denies the allegations in Paragraph "335" of the FAC.

336.    Defendant denies the allegations in Paragraph "336" of the FAC.

**AS TO "AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
The Fair Labor Standards Act, 29 U.S.C. § 207, Made by Plaintiff Skidanenko on Behalf of
All LTT Collective Plaintiffs
(Failure to Pay Overtime)"**

337.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "336" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

338.    Defendant denies the allegations in Paragraph "338" of the FAC.

339.    Defendant denies the allegations in Paragraph "339" of the FAC.

340.    Defendant denies the allegations in Paragraph "340" of the FAC.

341.    Defendant denies the allegations in Paragraph "341" of the FAC.

**AS TO "AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
The Fair Labor Standards Act, 29 U.S.C. § 206, Made by Plaintiff Skidanenko on Behalf of
All LTT Collective Plaintiffs
(Failure to [Pay] Federal Minimum Wage)"**

342.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "341" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

343.    Defendant denies the allegations in Paragraph "343" of the FAC.

344.    Defendant denies the allegations in Paragraph "344" of the FAC.

345.    Defendant denies the allegations in Paragraph "345" of the FAC.

**AS TO "AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law and the New York Codes, Rules, and Regulations § 142-1.4
Made by Plaintiff Katz on Behalf of HTT Class Plaintiffs
(Failure to Pay Overtime)"**

346.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "345" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

347.     Defendant denies the allegations in Paragraph "347" of the FAC.

348.     Defendant denies the allegations in Paragraph "348" of the FAC.

349.     Defendant denies the allegations in Paragraph "349" of the FAC.

350.     Defendant denies the allegations in Paragraph "350" of the FAC.

**AS TO "AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law and the New York Codes, Rules, and Regulations § 142-1.4
Made by Plaintiffs on Behalf of LTT Class Plaintiffs
(Failure to Pay Overtime)"**

351.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "350" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

352.     Defendant denies the allegations in Paragraph "352" of the FAC.

353.     Defendant denies the allegations in Paragraph "353" of the FAC.

354.     Defendant denies the allegations in Paragraph "354" of the FAC.

355.     Defendant denies the allegations in Paragraph "355" of the FAC.

**AS TO "AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 652, Made by Plaintiff Skidanenko on Behalf of LTT Class
Plaintiffs
(Failure to [Pay] New York State Minimum Wage)"**

356.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "355" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

357.    Defendant denies the allegations in Paragraph "357" of the FAC.

358.    Defendant denies the allegations in Paragraph "358" of the FAC.

359.    Defendant denies the allegations in Paragraph "359" of the FAC.


**AS TO "AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 191(1)(d) Made by Plaintiff Katz on Behalf of All HTT Class
Plaintiffs
(Failure to Pay All Earned and Due Wages)"**

360.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "359" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

361.    Defendant denies the allegations in Paragraph "361" of the FAC.

362.    Defendant denies the allegations in Paragraph "362" of the FAC.

363.    Defendant denies the allegations in Paragraph "363" of the FAC.

364.    Defendant denies the allegations in Paragraph "364" of the FAC.

365.    Defendant denies the allegations in Paragraph "365" of the FAC.

**AS TO "AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 191(1)(d) Made by Plaintiffs on Behalf of All LTT Class
Plaintiffs
(Failure to Pay All Earned and Due Wages)"**

366.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "365" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

367.     Defendant denies the allegations in Paragraph "367" of the FAC.

368.     Defendant denies the allegations in Paragraph "368" of the FAC.

369.     Defendant denies the allegations in Paragraph "369" of the FAC.

370.     Defendant denies the allegations in Paragraph "370" of the FAC.

371.     Defendant denies the allegations in Paragraph "371" of the FAC.

**AS TO "AS AND FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 191(1)(a) Made by Plaintiff Katz on Behalf of All HTT Class
Plaintiffs
(Frequency of Pay)"**

372.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "371" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

373.     Defendant denies the allegations in Paragraph "373" of the FAC.

374.     Defendant denies the allegations in Paragraph "374" of the FAC.

375.     Defendant denies the allegations in Paragraph "375" of the FAC.

376.     Defendant denies the allegations in Paragraph "376" of the FAC.

**AS TO "AS AND FOR A TENTH CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law § 191(1)(a) Made by Plaintiffs on Behalf of All LTT Class**
**Plaintiffs**
**(Frequency of Pay)"**

377.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "376" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

378.    Defendant denies the allegations in Paragraph "378" of the FAC.

379.    Defendant denies the allegations in Paragraph "379" of the FAC.

380.    Defendant denies the allegations in Paragraph "380" of the FAC.

381.    Defendant denies the allegations in Paragraph "381" of the FAC.

**AS TO "AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 193 Made by Plaintiff Katz on Behalf of
All HTT Class Plaintiffs
(Deduction of Wages)"**

382.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "381" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

383.    Defendant denies the allegations in Paragraph "383" of the FAC.

384.    Defendant denies the allegations in Paragraph "384" of the FAC.

385.    Defendant denies the allegations in Paragraph "385" of the FAC.

386.    Defendant denies the allegations in Paragraph "386" of the FAC.

387.    Defendant denies the allegations in Paragraph "387" of the FAC.

**AS TO "AS AND FOR A TWELFTH CAUSE OF ACTION FOR A VIOLATION OF
The New York Labor Law § 193 Made by Plaintiffs on Behalf of All LTT Class Plaintiffs
(Deduction of Wages)"**

388.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "387" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

389.    Defendant denies the allegations in Paragraph "389" of the FAC.

390.    Defendant denies the allegations in Paragraph "390" of the FAC.

391.    Defendant denies the allegations in Paragraph "391" of the FAC.

392.    Defendant denies the allegations in Paragraph "392" of the FAC.

393.    Defendant denies the allegations in Paragraph "393" of the FAC.

**AS TO "AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR A VIOLATION OF The New York Labor Law § 195 Made by Plaintiff Katz on Behalf of All HTT Class Plaintiffs (Failure to Provide Proper Wage Statements)"**

394.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "393" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

395.    Paragraph "395" of the FAC calls for a legal conclusion to which no response is required. To the extent Paragraph "395" contains factual material requiring a response, Defendant denies the allegations set forth therein and respectfully refers the Court to the statute referenced therein for its full content and meaning.

396.    Defendant denies the allegations in Paragraph "396" of the FAC.

397.    Defendant denies the allegations in Paragraph "397" of the FAC.

398.    Defendant denies the allegations in Paragraph "398" of the FAC.

**AS TO "AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR A VIOLATION OF The New York Labor Law § 195 Made by Plaintiffs on Behalf of All LTT Class Plaintiffs (Failure to Provide Proper Wage Statements)"**

399.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "398" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

400.    Paragraph "400" of the FAC calls for a legal conclusion to which no response is required. To the extent Paragraph "400" contains factual material requiring a response, Defendant denies the allegations set forth therein and respectfully refers the Court to the statute referenced therein for its full content and meaning.

401.    Defendant denies the allegations in Paragraph "401" of the FAC.

402.    Defendant denies the allegations in Paragraph "402" of the FAC.

403.    Defendant denies the allegations in Paragraph "403" of the FAC.

## AS TO "AS AND FOR A FIFTEENTH CAUSE OF ACTION FOR A VIOLATION OF The New York Labor Law and New York Codes, Rules and Regulations § 142-2.4 Made by Plaintiff Skidanenko on Behalf of All LTT Class Plaintiffs ("Spread of Hours" Pay)"

404.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "403" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

405.    Defendant denies the allegations in Paragraph "405" of the FAC.

406.    Defendant denies the allegations in Paragraph "406" of the FAC.

407.    Defendant denies the allegations in Paragraph "407" of the FAC.

408.    Defendant denies the allegations in Paragraph "408" of the FAC.

409.    Defendant denies the allegations in Paragraph "409" of the FAC.

## AS TO "AS AND FOR A SIXTEENTH CAUSE OF ACTION FOR A VIOLATION OF New York City Human Rights Law § 8-107, made by Plaintiff Katz (Sexual Harassment)"

410.    Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "409" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

411.    Paragraph "411" of the FAC calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph "411" except admits Plaintiff identifies as female.

412.    Defendant denies the allegations in Paragraph "412" of the FAC.

413.    Defendant denies the allegations in Paragraph "413" of the FAC.

414.    Defendant denies the allegations in Paragraph "414" of the FAC.

**TO "AS AND FOR A SEVENTEENTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Family and Medical Leave Act, 29 U.S.C. § 2615, made by Plaintiff Katz**
**(FMLA Interference)"**

415.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "414" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

416.     Defendant denies the allegations in Paragraph "416" of the FAC.

417.     Defendant denies the allegations in Paragraph "417" of the FAC.

418.     Defendant denies the allegations in Paragraph "418" of the FAC.

419.     Defendant denies the allegations in Paragraph "419" of the FAC.

420.     Defendant denies the allegations in Paragraph "420" of the FAC.

421.     Defendant denies the allegations in Paragraph "421" of the FAC.

422.     Defendant denies the allegations in Paragraph "422" of the FAC.

423.     Defendant denies the allegations in Paragraph "423" of the FAC.

**TO "AS AND FOR AN EIGHTEENTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Family and Medical Leave Act, 29 U.S.C. § 2615, made by Plaintiff Katz**
**(FMLA Retaliation)"**

424.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "423" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

425.     Defendant denies the allegations in Paragraph "425" of the FAC.

426.     Defendant denies the allegations in Paragraph "426" of the FAC.

427.     Defendant denies the allegations in Paragraph "427" of the FAC.

428.     Defendant denies the allegations in Paragraph "428" of the FAC.

429.     Defendant denies the allegations in Paragraph "429" of the FAC.

430.     Defendant denies the allegations in Paragraph "430" of the FAC.

## TO "AS AND FOR A NINETEENTH CAUSE OF ACTION FOR A VIOLATION OF The New York City Human Rights Law § 8-107, made by Plaintiff Katz (Retaliation)"

431.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "430" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

432.     Paragraph "432" of the FAC calls for a legal conclusion.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "432" of the FAC regarding Plaintiff Katz's alleged condition, and denies all allegations of wrongdoing.

433.     Paragraph "433" of the FAC calls for a legal conclusion. To the extent Paragraph "433" contains factual material requiring a response, Defendant denies the allegations set forth therein.

434.     Defendant denies the allegations in Paragraph "434" of the FAC.

435.     Defendant denies the allegations in Paragraph "435" of the FAC.

436.     Defendant denies the allegations in Paragraph "436" of the FAC.

437.     Defendant denies the allegations in Paragraph "437" of the FAC.

## TO "AS AND FOR A TWENTIETH CAUSE OF ACTION FOR A VIOLATION OF The New York City Human Rights Law § 8-107, made by Plaintiff Katz (Discrimination)"

438.     Defendant repeats, reiterates and realleges each and every response in Paragraphs "1" through "437" above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

439.   Paragraph "439" of the FAC calls for a legal conclusion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "439" of the FAC regarding Plaintiff Katz's alleged condition, and denies all factual allegations of wrongdoing.

440.   Paragraph "440" of the FAC calls for a legal conclusion.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "440" of the FAC regarding Plaintiff Katz's father's alleged condition, and denies all factual allegations of wrongdoing.

441.   Paragraph "441" of the FAC calls for a legal conclusion. To the extent Paragraph "441" contains factual material requiring a response, Defendant denies the allegations set forth therein.

442.   Paragraph "442" of the FAC calls for a legal conclusion. To the extent Paragraph "442" contains factual material requiring a response, Defendant denies the allegations set forth therein.

443.   Defendant denies the allegations in Paragraph "443" of the FAC.

444.   Defendant denies the allegations in Paragraph "444" of the FAC.

445.   Defendant denies the allegations in Paragraph "445" of the FAC.

446.    Defendant denies the allegations in Paragraph "446" of the FAC.

447.   Defendant denies the allegations in Paragraph "447" of the FAC.

## AS TO "PRAYER FOR RELIEF"

Defendant denies the allegations contained in Plaintiff's "PRAYER FOR RELIEF" and "WHEREFORE" clause and subsections "(A)" through "(P)" thereto.

## AS TO "DEMAND FOR TRIAL BY JURY"

Defendant admits that Plaintiffs purport to request a jury trial and respectfully refers all matters of law to the Court.

## ADDITIONAL AVERMENTS

Defendant denies all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses to Plaintiffs' claims:[1]

## AS AND FOR A FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to the statute of limitations contained in 29 U.S.C. § 255 and N.Y. Lab. Law § 198(3).  Because any violations of the Fair Labor Standards Act ("FLSA") were not willful, ratified by Defendant, or in reckless disregard of the requirements of the FLSA, and, therefore, any claims must be measured against a two-year statute of limitations.

## AS AND FOR A THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because any of Defendant's actions and practices were taken in compliance with and/or as required by the laws of the United States

---

[1] These defenses also may apply to the claims of some or all of the individuals alleged in Plaintiffs' FAC to be similarly-situated persons under 29 U.S.C. § 216(b) and/or Fed. R. Civ. P. 23, including but not limited to any individual who has filed or does file a consent to join this action pursuant to 29 U.S.C. § 216(b).  Defendant reserves the right to amend this Answer to include additional defenses applicable to putative collective or class action members.

and/or of the State of New York which regulated Defendant and were taken in good faith and with reasonable grounds for believing that any alleged acts or omissions were not in violation of the law, including but not limited to within the meaning of 29 U.S.C. §§ 259, 260 and N.Y. Labor Law § 198.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust applicable statutory, administrative and/or contractual procedures and/or remedies, or otherwise failed to properly perfect a right of action against Defendant.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because such claims have been released, waived, discharged and/or abandoned.

### AS AND FOR A SIXTH DEFENSE

The claims of Plaintiffs are barred in whole or in part by the doctrines of accord and satisfaction, and/or payment.

### AS AND FOR A SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, and/or unclean hands.

### AS AND FOR AN EIGHTH DEFENSE

The claims of Plaintiffs are barred in whole or in part by the doctrine of laches.

### AS AND FOR A NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they have not sustained any damages or, if any were sustained, those damages are "de minimis" and therefore not actionable under New York law.

## AS AND FOR A TENTH DEFENSE

To the extent Plaintiffs engaged in allegedly compensable activities without the actual or constructive knowledge of Defendant, Plaintiffs are not entitled to compensation for any such overtime hours worked.  *See Kuebel v. Black & Decker Inc.,* 643 F.3d 353, 361 (2d Cir. 2011).

## AS AND FOR AN ELEVENTH DEFENSE

Even if Defendant had, in fact, failed to pay Plaintiffs for any activities alleged to be worked (which it has not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

## AS AND FOR A TWELFTH DEFENSE

To the extent that discovery reveals that Plaintiffs falsely reported alleged hours of work and there is no evidence that Defendant required the false reporting of such hours; or there is no evidence that Defendant encouraged Plaintiffs to falsely report their hours of work; or that there is no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours of work, Defendant hereby invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs.  *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims are barred because they were exempt or excluded from the overtime or other pay requirements of the FLSA and NYLL pursuant to, *inter alia*, the exemptions provided by 29 C.F.R. Part 541 and/or 29 U.S.C §§ 206, 207, and including specifically but not

limited to the method of paying overtime compensation set forth at 29 U.S.C. § 207(i) and 12

NYCRR 142-2.2, or one or more of the white collar exemptions (29 U.S.C. § 213(a)(1); 29 C.F.R.

§ 541.200; 29 C.F.R. § 541.300; 29 C.F.R. § 541.500; 12 NYCRR § 142-2.2; 12 NYCRR § 142-

2.14(c)(5)).  Plaintiffs' claims also are barred to the extent they are based on the regulations at 12

NYCRR 146-1.1 *et seq.* because Plaintiffs were not covered by that Wage Order.

**AS AND FOR A FOURTEENTH DEFENSE**

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions,

exceptions, credits, recoupment or offsets permissible under the FLSA and the NYLL, including

but not limited to for amounts overpaid to Plaintiffs, the value of free fitness memberships and

other benefits provided to Plaintiffs.

**AS AND FOR A FIFTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendant fulfilled all

obligations it may have had to Plaintiffs, and Defendant owes no further obligations to Plaintiffs.

**AS AND FOR A SIXTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendant made complete

and timely payments of all wages due to Plaintiffs and the putative class members as required by

law.

**AS AND FOR A SEVENTEENTH DEFENSE**

Plaintiffs were not deprived of any payment of wages to which they were legally

entitled, and there are no unpaid wages for Plaintiffs to recover.

**AS AND FOR AN EIGHTEENTH DEFENSE**

The claims of Plaintiffs are barred in whole or in part because they were fully paid

the wages due to them, and therefore there was no "underpayment" to them.

## AS AND FOR A NINETEENTH DEFENSE

Defendant is not liable for any alleged underpayments resulting from alleged work time as to which Defendant was unaware and had no reason to be aware.

## AS AND FOR A TWENTIETH DEFENSE

The claims of Plaintiffs under N.Y. Lab. Law § 191 are barred because that section does not provide for an express or implied right of action based on payment of wages on a biweekly frequency, and because Defendant paid wages at a frequency authorized by the New York State Department of Labor in, *inter alia*, opinion letters interpreting N.Y. Lab. Law § 191.

## AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because the recovery from Defendant of liquidated damages under N.Y. Lab. Law § 191 for the allegedly late-but-full payment of wages on a bi-weekly basis would result in the unjust enrichment of Plaintiffs and/or would be unconstitutional as a matter of substantive due process and would violate the due process and excessive fines clauses under the United States and New York State Constitutions.

## AS AND FOR A TWENTY-SECOND DEFENSE

Defendant was authorized, in whole or in part, to make bi-weekly payments to Plaintiffs.

## AS AND FOR A TWENTY-THIRD DEFENSE

An award of liquidated damages under N.Y. Lab. Law § 191 for allegedly late-but-full payment of wages on a bi-weekly basis is inequitable because damages would be disproportionate to the alleged harm.

## AS AND FOR A TWENTY-FOURTH DEFENSE

An award of liquidated damages under N.Y. Lab. Law § 191 for the allegedly late-but-full payment of wages on a bi-weekly basis is inequitable because Defendant acted in good faith.

## AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs were not "manual worker(s)" as defined by N.Y. Lab. Law § 190 and as set forth in interpretive guidance, and/or because the New York State Department of Labor's interpretation of the phrase "manual worker" as dependent on the percentage of time or function to which an employee performs physical tasks is not entitled to judicial deference.

## AS AND FOR A TWENTY-SIXTH DEFENSE

To the extent any of Defendant's alleged actions or omissions were unlawful (which Defendant denies), any damages recoverable by Plaintiffs and the individuals they seek to represent are limited by the fact that full wages were paid, with, at most, a delay of one week for every other week worked, and not any other remedy or penalty.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

To the extent Plaintiffs seek penalties under the New York Labor Law, their claims may not proceed as a class action by operation of N.Y. Civil Practice Law and Rules § 901(b).

## AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

## AS AND FOR A TWENTY-NINTH DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly-situated within the meaning of the FLSA to any other individual they purport to represent.

## AS AND FOR A THIRTIETH DEFENSE

This case is not appropriate for collective treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs respectively and to the purported collective action members and it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A THIRTY-FIRST DEFENSE

Plaintiffs have failed to and cannot satisfy the requirements for maintenance of a class action, including, without limitation, with respect to demonstrating ascertainability, numerosity, commonality, typicality, and adequacy, predominance or superiority, and public policy considerations do not favor the certification of Plaintiffs' proposed class. Further, adjudication of Plaintiffs' claims as a class action would violate Defendant's right to Due Process and a jury trial and is barred by the Rules- Enabling Act, 28 U.S.C. § 2072.

## AS AND FOR A THIRTY-SECOND DEFENSE

Absent federal question jurisdiction, the Court cannot or should not exercise jurisdiction over Plaintiffs' state law causes of action, because jurisdiction is lacking under the Class Action Fairness Act ("CAFA") or one or more exceptions to CAFA jurisdiction over such claims apply.

## AS AND FOR A THIRTY-THIRD DEFENSE

To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the FAC or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## AS AND FOR A THIRTY-FOURTH DEFENSE

Plaintiffs' claims pursuant to New York Labor Law § 195(3) are barred because Defendant reasonably believed in good faith that it was not required to provide such statements pursuant to the Law or because they provided the requisite information in wage statements.

## AS AND FOR A THIRTY-FIFTH DEFENSE

Plaintiffs were provided statements required by New York Labor Law § 195(3), and even if Plaintiffs' statements were not in the form or format required by that section, Plaintiffs' claims are barred because Defendant made complete and timely payment of all wages due to Plaintiffs under the New York Labor Law.

## AS AND FOR A THIRTY-SIXTH DEFENSE

Plaintiff Skidanenko's spread-of-hours claim fails as a matter of law because Plaintiff Skidanenko was not a minimum wage worker under the New York Labor Law and applicable Miscellaneous Wage Order.

## AS AND FOR A THIRTY-SEVENTH DEFENSE

Plaintiffs cannot state a claim for overtime or other compensation under the FLSA or NYLL during any workweek in which Plaintiffs worked fewer than forty (40) compensable hours.

### AS AND FOR A THIRTY-EIGHTH DEFENSE

Plaintiffs' claim for minimum wage under the FLSA fails as a matter of law under the Second Circuit's decision in *U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1960).

### AS AND FOR A THIRTY-NINTH DEFENSE

To the extent Plaintiffs seek equitable relief, they are not entitled to any insofar as they have an adequate remedy at law.  Plaintiffs are not entitled to a trial by jury as to any issue of law or fact relating to alleged entitlement to any form of equitable relief.

### AS AND FOR A FORTIETH DEFENSE

Even if Plaintiff Katz was subjected to harassing conduct, which Defendant expressly denies, such conduct did not rise above the level of what a reasonable victim of discrimination with the same protected characteristic or characteristics would consider petty slights or trivial inconveniences.

### AS AND FOR A FORTY-FIRST DEFENSE

Plaintiff Katz's FMLA retaliation claim fails as a matter of law because her allegations fail to plausibly tie an adverse action to the exercise of rights under the FMLA.

### AS AND FOR A FORTY-SECOND DEFENSE

Any and all actions taken by Defendant with respect to Plaintiff Katz were based on legitimate, good faith, non-discriminatory business reasons, unrelated to any protected characteristic of Plaintiff Katz.

**AS AND FOR A FORTY-THIRD DEFENSE**

Some or all of Plaintiff Katz's alleged injuries are due, in whole or in part, to her own actions and, as such, she cannot recover, <u>inter</u> <u>alia</u>, allegedly lost benefits, wages or other relief on her discrimination and retaliation claims.

**AS AND FOR A FORTY-FOURTH DEFENSE**

Plaintiff Katz's individual claims are barred and/or any recovery of damages are precluded, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged harassing behavior.

**AS AND FOR A FORTY-FIFTH DEFENSE**

The Court should not exercise supplemental jurisdiction over the counts in the FAC that purport to arise under the NYLL, NYSHRL and New York City Human Rights Law ("NYCHRL").

**AS AND FOR A FORTY-SIXTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because they have not appropriately or adequately mitigated their alleged damages or otherwise avoided harm.

**AS AND FOR A FORTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the exclusivity of remedies under the New York Workers' Compensation law.

**AS AND FOR A FORTY-EIGHTH DEFENSE**

To the extent Plaintiff Katz is claiming punitive damages, Plaintiff is not entitled to recover any punitive damages against Defendant because, inter alia, Defendant acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

## AS AND FOR A FORTY-NINTH DEFENSE

Any and all actions taken by Defendants affecting Plaintiff Katz were taken for reasons other than Plaintiff's purported disability or purported request for FMLA leave.

## AS AND FOR A FIFTIETH DEFENSE

Plaintiff Katz's NYCHRL claims should be dismissed to the extent she did not have a covered disability within the meaning of the NYCHRL and to the extent Defendant did not perceive Plaintiff to have a disability within the meaning of the NYCHRL.

## AS AND FOR A FIFTY-FIRST DEFENSE

Plaintiff Katz's recovery of front or back pay or any other recovery should be diminished fully by any period of Plaintiff's inability or unavailability to work due to her alleged disability or other reasons.

## AS AND FOR A FIFTY-SECOND DEFENSE

Plaintiff Katz's NYCHRL claims are barred to the extent that there was no causal connection between the events alleged in the FAC and any damages which she allegedly suffered.

## AS AND FOR A FIFTY-THIRD DEFENSE

At all relevant times, Plaintiff was not entitled to leave under the Family and Medical Leave Act because she was not eligible for leave, and/or because her leave would not have been in order to care for the serious health condition of a spouse, son, daughter or parent, or because of any alleged serious health condition suffered by Plaintiff which rendered her unable to perform the functions of her job.

## AS AND FOR A FIFTY-FOURTH DEFENSE

In the event of liability of Defendant is established pursuant to the New York City Administrative Code based on the conduct of an employee, agent or independent contractor,

Defendant reserves its rights under the New York City Administrative Code to demonstrate all relevant factors to be considered in determination of liability and in mitigation of any damages, including but not limited to Defendant's implementation and compliance with policies, practices, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents or any other persons.

**AS AND FOR A FIFTY-FIFTH DEFENSE**

Plaintiff's claims for unlawful harassment are barred and/or recovery is precluded because Plaintiff participated in, consented to and/or welcomed any alleged harassment.

**AS AND FOR A FIFTY-SIXTH DEFENSE**

At all times relevant hereto, Defendant had a specific policy against unlawful discrimination in the workplace and such policy was well-known to employees.

**AS AND FOR A FIFTY-SEVENTH DEFENSE**

To the extent Plaintiff engaged in acts of misconduct prior to or during employment which, if known by Defendant, would have resulted in termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or in part.

**AS AND FOR A FIFTY-EIGHTH DEFENSE**

Plaintiff cannot state a claim under the NYCHRL because she did not fulfill jurisdictional prerequisites and notice requirements.

**AS AND FOR A FIFTY-NINTH DEFENSE**

Plaintiff frustrated and prevented Defendant from thoroughly investigating any allegations of unlawful harassment by failing to report all allegations to Defendant notwithstanding the opportunity for her to do so without fear of retaliation. Therefore, any alleged failure by

Defendant to take remedial or disciplinary measures resulted entirely from Plaintiff's frustration of Defendant's ability to remedy any alleged unlawful harassment.

## <u>RESERVATION OF RIGHTS</u>

In addition to the foregoing defenses, Defendant retains the right to amend its Answer and Defenses, to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs, and/or the members of the putative class or collective groups Plaintiffs purport to represent, as those claims become known during litigation.

**WHEREFORE**, Defendant respectfully requests that the Court:

(a) Dismiss the FAC in its entirety, with prejudice;

(b) Deny each and every demand and prayer for relief in the FAC;

(c) Award Defendant reasonable attorneys' fees and costs incurred in defending against this action; and

(d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404
Noel.Tripp@jacksonlewis.com
Adam.Gross@jacksonlewis.com

Dated:  May 27, 2022          By:     s/ *Noel P. Tripp*
                                        NOEL P. TRIPP, ESQ.
                                        ADAM S. GROSS, ESQ.

                                        *ATTORNEYS FOR DEFENDANT*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2022, true and correct copies of **DEFENDANT'S ANSWER TO PLAINTIFF'S "FIRST AMENDED COMPLAINT"** was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

James Vagnini, Esq.
Alexander White, Esq.
VALLI KANE & VAGNINI LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180
jvagnini@vkvlawyers.com
awhite@vkvlawyers.com


D. Maimon Kirschenbaum, Esq.
Denise Schulman, Esq.
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640
maimon@jhllp.com

Jacob Aronauer, Esq.
LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauerr@aronauerlw.com

Mariya Gonor, Esq.
Kimberley A. Brunner, Esq.
BEATTIE PADOVANO, LLC
200 Market Street, Suite 401
Montvale, New Jersey 076545
(201) 799-9736
MGonor@beattielaw.com
kbrunner@beattielaw.com

s/ *Noel P. Tripp*
NOEL P. TRIPP, ESQ.

4870-3833-0907, v. 9

49