UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MONIQUE KATZ and YEKATERINA
SKIDANENKO, individually and on behalf
all others similarly situated,

                Plaintiff,

    -against-

EQUINOX HOLDINGS, INC.

                Defendant.

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/22

Civ. No.: 20-cv-9856
(VEC)(RWL)

## STIPULATION REGARDING CONDITIONAL CERTIFICATION AND NOTICE

WHEREAS, Plaintiff Monique Katz filed a motion for conditional certification of Tier 3, Tier 3+, and Tier X level trainers under the Fair Labor Standards Act ("FLSA") (Dkt. 38) which the Court granted by Order dated April 29, 2022;

WHEREAS, Plaintiff Yekaterina Skidanenko has indicated her intention to file a motion for conditional certification of Tier 1 and Tier 2 level trainers (the "Low Tier Trainers") under the FLSA, which Defendant has indicated an intent to oppose in whole or in part;

WHEREAS, instead of expending resources litigating Plaintiff Skidanenko's anticipated motion for conditional certification of a collective action and dissemination of notice pursuant to 29 U.S.C. § 216(b), the Parties, without prejudice to Defendant's right to challenge the conditional collective action at a later date, or any individual's participation therein, have agreed to conditional certification;

WHEREAS Plaintiff Yekaterina Skidanenko and Defendant remain in dispute regarding the temporal scope of the Low Tier Trainer Collective and require judicial resolution of this issue, absent further agreement of the parties.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiffs and Defendant:

1. The Parties consent to conditional certification of this matter as a single collective comprised of two sub-collectives under § 216(b) solely for purposes of dissemination of the Notice.

2. The first sub-collective is to be comprised of all Tier 3, 3+ and X level trainers employed by Defendant in New York between May 13, 2018, to June 26, 2022 who performed at least eighteen (18) personal training sessions in any one workweek during that period.

3. The second sub-collective is to be comprised of all Tier 1 and 2 level trainers employed by Defendant in New York who worked on at least four (4) days in a workweek during the applicable FLSA period. The parties, however, are in dispute over the temporal scope of this collective. Plaintiff Skidanenko maintains that the scope should be from March 25, 2017, to June 26, 2022. Defendant maintains that the time period should be from April 4, 2019,[1] to June 26, 2022. If the parties cannot resolve this issue: (i) Plaintiff Skidanenko shall file a letter motion of no more than seven pages solely regarding the temporal scope issue within ten days of the Court "So Ordering" this stipulation; (ii) Defendant shall file its opposition of the same length ten days thereafter, (iii) and Plaintiff Skidanenko shall file any reply of no more than three pages within seven days thereafter.

4. Defendant's consent is made without prejudice, and shall not affect its right to move the Court to decertify the conditionally-certified collective, to challenge any individual's participation in the collective, or otherwise defend itself in this lawsuit to the fullest extent that it so chooses in its sole discretion. Defendant does not waive its right to assert any and all available defenses.

5. Within thirty (30) days after the Court decides the temporal scope issue of the Low Tier Trainer Collective (or the parties resolve same by further Stipulation), Defendant shall provide to Plaintiff's counsel the names, last known mailing addresses, known alternate mailing addresses stored by Defendant in the ordinary course, all known email addresses maintained in Defendant's HRIS system, telephone numbers (for the sole purpose of sending one reminder text message to putative members of either conditionally certified collective group half way through the Opt-in Period as defined in Paragraph 9 herein), and dates of employment in Trainer titles of all individuals who are putative members of the conditionally certified collective groups described above (the "Collective List"). This information will be treated as confidential pursuant to the confidentiality order governing this action, and will be used only for the purposes of sending the Notice and Consent to Join described herein.

6. The parties agree to use a third-party administrator for the purposes of disseminating and receiving the Notice in accordance with the Court's April 29, 2022 Order.

---

[1] The parties privately agreed to toll the statute of limitations for the Tier 1 and 2 putative collective members on April 4, 2022.

7. If any Notice to any member of the FLSA Collective is returned as undeliverable, and there is no forwarding address, Plaintiffs' counsel will notify counsel for Defendant, and Defendant shall furnish, within five (5) business days of receipt of such notice, the individual's date of birth and social security number. The third-party administrator shall use this information to conduct a skip trace to obtain a more current address and promptly re-mail the Notice and Consent to Join to such individual if a new address is obtained. The social security number and date of birth will remain confidential pursuant to the parties' Confidentiality Order and will only be used for the purposes of locating the putative collective member.

8. The third-party administrator shall promptly re-mail Notice to any member of the FLSA Collective whose Notice is returned as undeliverable, and where there is a forwarding address.

9. The individuals identified in the Collective List shall have 60 calendar days from the date on which the Notice is mailed (the "Opt-in Period") to mail, fax, or email the "Consent to Join" form to Plaintiffs' Counsel. In the case of mailing, the "Consent to Join" must be legibly signed, and postmarked, emailed, or faxed, during the Opt-In Period in order to be considered timely and valid.

10. Notwithstanding the time limits set forth above individuals whose initial Notice is returned as undeliverable and for whom a Notice is re-mailed shall have 45 additional calendar days from the date on which a second Notice is mailed to return the "Consent to Join" form to Plaintiffs' counsel or the third-party administrator, as applicable.

| | |
|---|---|
| VALLI KANE & VAGNINI LLP<br>*ATTORNEYS FOR PLAINTIFFS*<br>600 Old Country Road, Suite 519<br>Garden City, New York<br>(516) 203-7180 | JACKSON LEWIS P.C.<br>*ATTORNEY FOR DEFENDANT*<br>58 South Service Rd., Ste. 250<br>Melville, New York 11747<br>(631) 247-0404 |
| By: *s/ Alexander M. White*<br>JAMES VAGNINI, ESQ.<br>ALEXANDER WHITE, ESQ. | By: *s/ Noel P. Tripp*<br>NOEL P. TRIPP, ESQ. |
| Dated: May 27, 2022 | Dated: May 27, 2022 |
| | LAW OFFICES OF JACOB ARONAUER and BEATTIE PADOVANO LLC<br>*ATTORNEYS FOR PLAINTIFF SKIDANENKO*<br>225 Broadway, 3rd Floor<br>New York, New York 10007<br>(212) 323-6980 |
| | By: *s/ Jacob Aronauer*<br>JACOB ARONAUER, ESQ.<br>Dated: May 27, 2022 |

3

SO ORDERED on this __27th__ day of __May__, 2022

                           */s/ Valerie Caproni*
                           United States District Judge Valerie E. Caproni

4878-0756-1250, v. 1