The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

June 7, 2022

**Via ECF**
Hon. Valerie E. Caproni
United States District Court
40 Foley Square
New York, NY 10007

Re:   *Katz v. Equinox Holdings, Inc. et al.*
        20-cv-09856 (VEC)

Dear Judge Valerie E. Caproni:

  This office represents Plaintiff Yekaterina "Kathi" Skidanenko ("K. Skidanenko") (along with other co-counsel) in the above-captioned matter. Consistent with the Court's earlier Order on May 31, 2022 (dkt 085), this constitutes K. Skidanenko's letter motion regarding the temporal proximity of the tier 1 and tier 2 trainer sub-collective. For the reasons set forth, K. Skidanenko respectfully submits that the time period for the tier 1 and tier 2 trainer sub-collective should be from March 25, 2017, through June 26, 2022.

**Relevant Procedural History**

  As the Court is aware, on March 25, 2020, K. Skidanenko initially filed a separate class action against Equinox ("Defendant" or "Equinox"). This lawsuit was brought on behalf of all tier 1 and tier 2 trainers throughout New York State. This action was entitled *Skidanenko v. Equinox Holdings, Inc.*, 20-cv-01550 (WFK) (RLM) ("*Skidanenko* Matter*")*.

  After the lawsuit was initially filed, the case encountered delays. Some of the delays occurred because of extension requests from Defendant. Other delays stemmed from the court's delay in issuing a ruling on Defendant's motion to dismiss. Further delays occurred due to the merger of *Skidanenko* and *Katz*.

  On April 29, 2021, at the request of Defendant, the parties entered into a stipulation for Defendant to have 60 days to respond to the complaint filed in the EDNY. *See* ¶ 5 of the Jacob Aronauer Declaration ("Aronauer Decl."). This stipulation included a tolling agreement which reads in relevant part:

> that the Fair Labor Standards Act claims of individuals employed by Defendant in New York as Tier 1 and Tier 2 personal trainers on or after April 27, 2017 are tolled until the earlier of 1) the date on which Defendant responds to the Complaint (if prior to June 24, 2020) or 2) June 24, 2020. Nothing in the Stipulation shall be

deem to revise any claim that was untimely as of April 27, or is otherwise barred as untimely.

*Skidanenko*, Dkt 8-1.

On June 24, 2020, Defendant made a pre-motion application to Judge Kuntz to dismiss the *Skidanenko* Matter. Dkt 009. That same day, without giving K. Skidanenko's counsel the opportunity to oppose, Judge Kuntz granted Defendant's request. *Id*. Judge Kuntz gave Defendant until August 7, 2020, to file their motion to dismiss. The papers were fully briefed on November 6, 2020. Dkt 026. On June 9, 2021, approximately 18 months after *Skidanenko* initially was filed and almost a year after the motion was fully briefed, Judge Kuntz denied Defendant's motion to dismiss. Dkt 047.

The parties engaged in paper discovery but did not conduct depositions. *See* ¶ 9-10 of Aronauer Decl. The parties did not engage in depositions because relatively shortly after paper discovery was exchanged between the parties and the failed mediation in *Katz*, it became evident that there was a possibility of a merger between the *Skidanenko* Matter and *Katz*. *See* ¶ 11 of Aronauer Decl. As a result, K. Skidanenko's counsel believed it was prudent not to push forward with a motion for conditional certification. *See* ¶¶ 13-14 of Aronauer Decl.

Concurrently, on November 17, 2021, Equinox filed a motion to dismiss in this action. Dkt 047 in *Katz*. As the Court is aware, Defendant believed that *Katz* should be dismissed under the "first to file" rule. Defendant sought as relief that if the Court did not dismiss *Katz*, that it should transfer *Katz* to the EDNY to be consolidated with the *Skidanenko* Matter. *See* Dkt 047 of pg. 2 of Defendant's motion to dismiss. This motion became moot due to the *Skidanenko* Matter merging with *Katz*.

After discussions with Defendant's counsel, K. Skidanenko's counsel informed Judge Kuntz that the parties were going to seek permission to dismiss the *Skidanenko* Matter without prejudice. The parties sought permission to dismiss the *Skidanenko* Matter to join *Katz*. On January 7, 2022, K. Skidanenko moved to dismiss her case without prejudice. That same day, Judge Kuntz granted K. Skidanenko's request. Dkt 053. Also on January 7, 2022, through the filing of the first amended complaint (dkt 055), K. Skidanenko joined this action on behalf of herself and all similarly situated tier 1 and tier 2 trainers.

On January 21, 2022, Defendants filed a subsequent motion to dismiss. Dkt 58. On April 29, 2022, the Court denied Defendant's motion to dismiss and concurrently granted Plaintiff's motion for certification on behalf of all tier 3, 3+, and X trainers. Dkt 72. This led to the parties having further discussions about the possibility of Defendant consenting to conditional certification for the tier 1 and tier 2 sub-collective.[1]

---

[1] Although the parties disagreed on the full temporal scope of the tier 1 and 2 trainer sub-collective, the parties agreed that K. Skidanenko would not move for conditional certification until after a decision was made on the then pending motion for conditional certification of the tier 3, 3+, and X sub-collective. As part of this

**Tolling for the Putative Class Members**

Equitable tolling is appropriate when there is a substantial delay beyond the control of the parties. *Hart v Crab Addison, Inc.*, 2015 U.S. Dist. LEXIS 9197 at *16 (W.D.N.Y. Jan. 27, 2015). "Since the delay was beyond the parties' control and may adversely affect the rights of class members who may have no notice of this lawsuit, equitable tolling is appropriate." *Id.* at *14; *see also Oconner v. Agilant Sols.*, 419 F. Supp. 3d 739, 748 (S.D.N.Y. 2019) ("'Where, as here, 'the delay was substantial and beyond the control of the parties, and could result in significant prejudice to potential class members,' equitable tolling is appropriate.'") (quoting *Hart*, 2015 U.S. Dist. LEXIS 9197 at *6); *see also Yahres v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115, at *2 (E.D.N.Y. Mar. 8, 201) (noting the "unique procedural posture" of FLSA conditional certification decisions in granting equitable tolling of the FLSA statute of limitations).

Here, it is respectfully submitted that tolling be issued from the date that the *Skidanenko* Matter was originally filed in the EDNY—March 25, 2020. As discussed earlier in the "Relevant Procedural History" section, it took more than 18 months from the date that K. Skidanenko originally filed her action in the EDNY for the court to deny Defendant's motion to dismiss. It is well settled that equitable tolling can be applied when the court (understandably with a full docket and a COVID-19 backlog) issues a delayed ruling. *See Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp.3d 552, 566 (S.D.N.Y. 2015) (in granting an equitable tolling from the date of the filed complaint, the court noted the significant delay in ruling on the motion for conditional certification).

Further, the *Skidanenko* Matter was merged with *Katz* prior to the Court ruling on Defendant's second motion to dismiss and Plaintiff's motion for conditional certification for tier 3, 3+, and X trainers. As the parties had privately discussed the possibility of Defendant consenting to conditional certification for tier 1 and tier 2 trainers if the Court granted conditional certification for tier 3, 3+ and X sub-collective, it would not have been a prudent use of attorneys' fees and the Court's resources to move for conditional certification for tier 1 and tier 2 trainers. Indeed, that is why Skidanenko did not file her conditional certification motion after the cases merged and why the parties agreed to tolling beginning on April 4, 2022.

Thus, for reasons discussed above, K. Skidanenko respectfully requests that the Court toll the statute of limitations for them from the date that the *Skidananeko* Matter originally was filed in the EDNY. It is respectfully submitted that the delays caused by this unusual fact pattern warrant a tolling from the date *Skidanenko* Matter was originally filed.

---

agreement, the parties also agreed to toll the statute of limitations for the tier 1 and 2 putative collective members on beginning on April 4, 2022.

4

        Respectfully submitted,

        */s Jacob Aronauer*
        Jacob Aronauer

        *Attorney for Plaintiff K. Skidanenko*

cc: **Via ECF**
    *All attorneys on record*

4