UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MONIQUE KATZ, *individually and on behalf of
all others similarly situated*, and YEKATERINA
SKIDANENKO, *individually and on behalf of all
others similarly situated*

                                    Plaintiffs,

                -against-

EQUINOX HOLDINGS, INC.,

                                   Defendant.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/22

20-CV-9856

ORDER

VALERIE CAPRONI, United States District Judge:

       Plaintiffs Monique Katz and Yekaterina Skidanenko bring this action against Defendant Equinox Holdings, Inc. (hereafter "Defendant") for failure to pay wages pursuant to federal, state, and city law, among other claims. On May 27, 2022, Plaintiff Skidanenko (hereafter "Plaintiff") and Defendant reached an agreement for conditional certification of a collective of Tier 1 and Tier 2 personal trainers employed by Defendant in New York ("Tier 1 and Tier 2 Trainers"). *See generally* Mem. End., Dkt. 84 at 1. The parties were, however, unable to reach an agreement over the temporal scope of this collective; Plaintiff argues that the statute of limitations should be equitably tolled across the board so that the claims of any Tier 1 or Tier 2 Trainer employed by Defendant on or after March 25, 2017, would be timely while Defendant argues that the period should extend only to February 5, 2019. For the following reasons, Plaintiff's motion is DENIED without prejudice to individual opt-in plaintiffs seeking equitable tolling for their individual claims; the collective period is, therefore, defined as February 5, 2019, through June 26, 2022.

## BACKGROUND

On March 25, 2020, Plaintiff filed a putative class action suit against Defendant in the Eastern District of New York; the lawsuit purported to be brought on behalf of all Tier 1 and Tier 2 Trainers throughout New York State. Pl. Letter Mot., Dkt. 86 at 1. On April 29, 2020, the parties stipulated to toll all claims until the earlier of (1) the date on which Defendant responded to the Complaint or (2) June 24, 2020. *Id.*

On June 24, 2020, Defendant made a pre-motion application for the lawsuit to be dismissed; that same day, Judge Kuntz set a deadline of August 7, 2020, for Defendant to move to dismiss. *Id.* at 2. On June 9, 2021, Judge Kuntz denied Defendant's motion. *Id.*

Thereafter, the parties began paper discovery; they did not conduct depositions because the parties anticipated that the lawsuit could be merged with *Katz v. Equinox Holdings, Inc.*, No. 20-CV-9856, an ongoing lawsuit in this District. Pl. Letter Mot. at 2. For the same reason, Plaintiff asserts that she "believed it was prudent not to push forward with a motion for conditional certification." *Id.* (citing Aronauer Decl., Dkt. 87 ¶¶ 13–14).

On January 7, 2022, Judge Kuntz granted Plaintiff's motion to dismiss her case without prejudice in the Eastern District, and she joined this action. Pl. Letter Mot. at 2. On January 21, 2022, Defendant moved to dismiss this case; the Court denied the motion on April 29, 2022, and granted Plaintiff Katz's motion for conditional certification on behalf of all Tier 3, 3+, and X trainers. *See Katz v. Equinox*, No. 20-CV-9856, 2022 WL 1292262, at *1 (S.D.N.Y. Apr. 29, 2022).

In the four months between joining this action and the Court's decision to deny Defendant's motion to dismiss and to grant Katz's motion for collective certification, Plaintiff did not move for conditional certification of Tier 1 and Tier 2 Trainers. Plaintiff asserts that she

"believed it would not be a prudent use of attorneys' fees to seek permission to move for conditional certification for tier 1 and 2 trainers" and the parties agreed that she "would not move for conditional certification until the decision was made on the then pending motion for conditional certification of the tier 3, 3+, and X sub-collective." Aronauer Decl. ¶ 13; Pl. Letter Mot. at 2, n.1.

On May 27, 2022, the parties agreed to conditional certification of a collective of Tier 1 and Tier 2 Trainers, but they were unable to agree on its temporal scope. This Court ordered the parties to submit letter briefs in support of their respective positions. Stip., Dkt. 85 ¶ 3. Plaintiff argues that there should be a blanket grant of equitable tolling of the statute of limitations so that anyone employed as a Tier 1 or Tier 2 trainer on or after March 25, 2017, who wished to join would have a timely claim, Pl. Letter Mot. at 1, while Defendant argues that any blanket tolling should be limited to Tier 1 and Tier 2 Trainers employed by Defendant on or after February 5, 2019, Def. Response, Dkt. 88 at 1.[1]

## DISCUSSION

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (citation omitted). The Second Circuit has cautioned that "equitable tolling is considered a drastic remedy applicable only in 'rare and exceptional circumstance[s],'" *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (alteration in original) (citation omitted), where a plaintiff has been "pursuing his rights diligently," *Contrera v. Langer*, 278 F.

---

[1] Defendant previously indicated that it would argue for the period to extend only to April 4, 2019. *See* Stip., Dkt. 85 at 2. Defendant has agreed, however, to extend the rearward scope to February 5, 2019. Def. Response, Dkt. 88 at 1.

Supp. 3d 702, 723 (S.D.N.Y. Oct. 5, 2017), but has been "'prevented in some extraordinary way from exercising his rights,'" *Johnson*, 86 F.3d at 12 (citation omitted).

The test for equitable tolling is concerned not with the diligence of a plaintiff who has already timely filed a claim but rather with the diligence of a plaintiff who is seeking the benefit of equitable tolling.  As the Second Circuit has formulated the rule, "when determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003), *as amended* (July 29, 2003) (internal quotation marks and citations omitted); *but see Flood v. Carlson Rests. Inc.*, 2015 WL 260436, at *6 (S.D.N.Y. Jan. 20, 2015) (granting equitable tolling "in light of [p]laintiffs' diligence in pursuing the FLSA claims on behalf of putative opt-ins").[2]

Plaintiff focuses entirely on her own purported diligence, arguing that equitable tolling is appropriate because "it took more than 18 months from the date that [Plaintiff] originally filed her action in the [Eastern District] for the court to deny Defendant's motion to dismiss" and that "it would not have been a prudent use of attorneys' fees and the Court's resources to move for conditional certification" once her suit was merged with *Katz* because the Court was considering

---

[2]    Some courts have found that the "extraordinary circumstances" prong can be satisfied if there has been delay by the Court in ruling on a motion in the case.  *See*, *e.g.*, *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935, 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) (granting equitable tolling where the plaintiffs were diligent but encountered numerous litigation delays); *McGlone v. Contract Callers, Inc*., 867 F. Supp. 2d 438, 444–55 (S.D.N.Y. 2012) (granting equitable tolling where "courts' heavy dockets and understandable delays in rulings" could time bar opt-in plaintiffs despite diligence of the putative class representatives); *Viviri v. White Plains Hospital Medical Ctr.*, 320 F.R.D. 344, 355–56 (S.D.N.Y. 2017) (granting equitable tolling due to six-month period between fully-briefed motion for conditional certification and decision).  *But see Mark v. Gawker Media*, No. 13-CV-4347, 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014) (court's 11-month delay not sufficiently "extraordinary" to warrant equitable tolling); *Vasto v. Credico (USA) LLC*, No. 15-CV-9298, 2016 WL 2658172, at *16 (court's five-month delay "not of a magnitude that would justify tolling").

whether to grant conditional certification for Tier 3, 3+, and X trainers.  Pl. Letter Mot. at 3.  Plaintiff further asserts that some courts in the Southern District have allowed a notice period of three years "from the date of the complaint with an understanding that challenges to the timeliness of individual plaintiffs' actions will be analyzed at a later date."  Pl. Reply, Dkt. 90 at 2 (citations omitted).

In response, Defendant argues that: (1) Congress set the statute of limitations period from the filing of a consent to join, not the filing of a putative collective complaint, Def. Response at 2; (2) courts in the Southern District have typically measured the notice period "from the date of the Court's order granting plaintiffs' motion for condition certification, not from the filing of the complaint," *id.* at 3 (citing *Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360, 2012 WL 4369746, at *7 (E.D.N.Y. Sep. 24, 2012) (citation omitted)); (3) Plaintiff did not exercise reasonable diligence on her own part or on the part of the putative collective, *id.* at 4; (4) even if Plaintiff exercised diligence, she has made no showing of diligence by members of the proposed collective, *id.* at 5; and (5) the previous motions and negotiations did not require Plaintiff to delay seeking collective certification, were not extraordinary, and were not "reflective of events beyond her control," *id.* at 6.

Plaintiff's arguments are unpersuasive.  For blanket equitable tolling to be granted,[3] a plaintiff must offer specific details as to the potential opt-in plaintiffs who wish to join the collective but who are or may become time-barred.  *See*, *e.g.*, *Liping Dai v. Lychee House, Inc.*, No. 17-CV-6197, 2018 WL 4360772, at *12 ("Plaintiffs have not demonstrated that the claims of any potential opt-in plaintiffs would actually be barred.") (citation omitted); *Contrera*, 278 F.

---

[3]  By blanket equitable tolling, this Court refers to equitable tolling that would apply to all potential opt-in plaintiffs without the necessity of conducting a case-by-case assessment of each plaintiff's entitlement to equitable tolling.

Supp. 3d at 724 ("The plaintiffs on whose behalf equitable tolling is being sought have not been identified. . . . [and] no specific information has been provided about any particular opt-in plaintiff's circumstances. Thus, this Court cannot assess whether any potential opt-in plaintiff has diligently pursued his or her rights."). Plaintiff has failed to provide any information as to potential opt-in plaintiffs, how they exercised reasonable diligence, and how they were prevented from exercising their rights. *See Alvarado Balderramo v. Taxi Tours Inc.*, No. 15-CV-2181, 2017 WL 2533508, at *5 (S.D.N.Y. June 9, 2017) (equitable tolling is "a highly factual issue that depends on what and when a plaintiff knew or should have known — an inquiry that is simply impossible to conduct when opt-in plaintiffs and the facts specific to them have not yet been revealed.").

Plaintiff is in error when she argues that the named plaintiff's diligence is the critical issue. *See Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d. 644, 658 (S.D.N.Y. 2017) (noting that the relevant inquiry is whether existing or potential opt-in plaintiffs have been diligently pursuing their rights) (citations omitted). *But see Flood*, 2015 WL 260436, at *6 (S.D.N.Y. Jan. 20, 2015) (granting equitable tolling on the basis of the named plaintiff's diligence). But even if she were correct, the Court disagrees that Plaintiff has exercised reasonable diligence. There were several opportunities for Plaintiff to move for collective certification, and she chose not to do so, primarily to save money. *See* Aronauer Decl. ¶ 13. The Court does not agree that Plaintiff needed documents from Defendant in order to move for conditional certification, but even if she did, she has not explained her lack of diligence between June 9, 2021, when Defendant's motion to dismiss was denied, and January 7, 2022, when Plaintiff's motion to dismiss without prejudice was granted. Plaintiff was not, at any point, precluded from making a motion for conditional certification, and she should have done so if she

6

anticipated that there were potential opt-in plaintiffs whose claims were in danger of being time-barred. Plaintiff also fails to allege that she encountered extraordinary circumstances. Months-long delays resulting from a court's consideration of motions have only been considered an extraordinary circumstance when plaintiffs have, at minimum, been diligently pursuing their claims. *See Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 528 (S.D.N.Y. 2015) ("[S]ome Courts have found that the delay in ruling on a motion for condition approval, *coupled* with the plaintiffs' diligence . . . is enough to grant equitable tolling.") (emphasis added) (citation omitted). Here, Plaintiff waited to file her motion for months after any delays that could be attributed to circumstances outside of her control had already occurred; her claim was, therefore, delayed by her own failure to pursue collective certification diligently. Consequently, the delay in certifying a collective does not amount to an extraordinary circumstance.

## CONCLUSION

Plaintiff's request for a blanket toll of the statute of limitations from the date on which she filed her original complaint is DENIED without prejudice to potential opt-in plaintiffs seeking equitable tolling on a case-by-case basis. Based on the agreement of the Defendant, the statute of limitation will be tolled so that claims of Tier 1 and Tier 2 Trainers employed by Defendant on or after February 5, 2019 will be timely.

The Clerk of the Court is respectfully directed to close the open motion at Docket 86.

**SO ORDERED.**

Date: July 26, 2022
New York, New York

**VALERIE CAPRONI**
**United States District Judge**