# *Valli Kane & Vagnini*

## EMPLOYEE RIGHTS ATTORNEYS

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

October 17, 2022

**VIA ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

      **Re:**   *Katz & Skidanenko v. Equinox Holdings, Inc.*
            **Case No.: 1:20-CV-09856-VEC**

Dear Judge Caproni:

    We along with our co-counsel, represent Plaintiffs and the current opt-in plaintiffs in the above-captioned matter. We write jointly with Defendant's counsel in accordance with Section 3(A) of Your Honor's Individual Practices in Civil Cases and the Court's August 25, 2022 Order (dkt. no. 95) (the "Rule 16 Order"). Attached hereto is the parties' joint proposed Case Management Plan ("CMP") and Scheduling Order.

    As required by Section 10 of the CMP and the Rule 16 Order, the parties respectfully submit the following:

**A.  A statement of all existing deadlines, due dates, and/or cut-off dates.**

    There are no pending deadlines as of the date of this letter.  The parties are complying with the Court's May 27, 2022 and April 29, 2022 Orders, and notice of this action pursuant to the Fair Labor Standards Act was disseminated to the putative collective members on October 3, 2022. Thus, the putative collective members have until December 2, 2022, to join this action pursuant to the 60-day notice period.

**B.  Brief description of any outstanding motions**.

    There are no outstanding motions.

**C.  A brief description of the status of discovery and of any additional discovery that needs to be completed.**

    Plaintiffs served their initial disclosures, first set of requests for production, first set of interrogatories, and first set of requests for admission on Defendant. Defendant anticipates serving

the same directly, as to the named/representative Plaintiffs. The parties still need to complete written discovery, serve any third-party subpoenas, and take depositions.  As discussed below, the parties anticipate conferring further regarding discovery relating to "opt-in" Plaintiffs who have filed or do file Consents to Join this action towards the close of the opt-in window, *i.e.*, in early-to-mid November 2022.

### D. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.

At this stage, the parties categorize their prospect of settlement as "medium." The parties engaged in an unsuccessful private mediation on a class-wide basis prior to the conditional certification of the collective. The parties wish to continue their settlement efforts, Defendant first requires some discovery to take place. Thus, the parties respectfully request that they be assigned Judge Robert W. Lehrburger to conduct the settlement conference at the close of discovery. The parties also respectfully request that they be permitted to request such settlement conference before Judge Lehrburger during the discovery period should the parties believe it would be fruitful at an earlier juncture.

### E. A statement of the anticipated length of trial and whether the case is to be tried to a jury.

This case is to be tried by a jury; and is anticipated to last five to seven days as to the Named Plaintiffs.  This estimate is subject to the contemplated motion practice discussed below in Section G.

### F. A statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony.

The parties anticipate filing motions for summary judgment. Neither, party, however, has selected or disclosed any expert witnesses. Thus, they are unable to inform the Court that they anticipate filing any motions to exclude expert testimony but do wish to reserve the right to do so if necessary.

### G. Any other issue that the parties would like to address at the pretrial conference.

As requested by the Rule 16 Order, the parties and their counsel have been amicably and efficiently working together in this matter and, thus, do not believe a Rule 16 Conference is necessary.

The parties, however, do wish to inform the Court that they believe at least a year for discovery is necessary in this action as this case has been conditionally certified as a collective action with notice being disseminated to 1,496 current and former employees of Defendant. Plaintiffs also intend to move for Rule 23 class certification in the near future. Thus, given the size of the collective and putative class(es), a significant amount of discovery is required, including records relating to hours of work and activities on days allegedly worked, payroll records, third-

party subpoenas, and depositions.[1]

Lastly, as requested by the Rule 16 Order, the parties inform the Court that in addition to their anticipated summary judgment motions and possible motions to exclude expert testimony, Plaintiffs intend to file a motion for certification of a class(es) pursuant to Fed. R. Civ. P. 23. Defendant also intends to file a motion for decertification of the 29 U.S.C. § 216(b) collective. The parties respectfully request that the deadline for these two anticipated motions be 30 days after the discovery period ends.

**H. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial.**

None.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ *Alexander M. White*
Alexander M. White

cc:    All counsel of record <via ECF>

encl.

---

[1] The parties are currently in discussion regarding the parameters of discovery as to collective action participants, including the appropriateness of and parameters for any representative discovery. The parties, however, cannot complete their conferral and hopefully reach a determination without judicial intervention until after the notice period closes for the putative collective members. Thus, the parties respectfully suggest submitting a proposed collective discovery order following that date, including submission of any dispute relating thereto.