USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

MONIQUE KATZ and YEKATERINA SKIDANENKO, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

EQUINOX HOLDINGS, INC.

                Defendant.

Civ. No.:

20-cv-09856 (VEC)(RWL)

## STIPULATION AND PROPOSED ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Monique Katz and Yekaterina Skidanenko (the "Named Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Equinox Holdings, Inc. ("Defendant", together with Plaintiffs "the Parties"), by and through their undersigned counsel, that:

        1.     All Confidential Information (as defined below) produced by the Parties for purposes of the Parties' litigation or mediation of this action shall be subject to the terms and provisions set forth herein.

        2.     The following terms, as used herein, shall, without limiting the generality of the meaning of those terms, be construed as follows:

                (a)     The Parties to this action shall mean (i) Named Plaintiffs (ii) any other individual who has filed or does file a consent to join form (collectively with the Named Plaintiffs hereafter "Plaintiffs") and any authorized agent(s), attorney(s) or other entities or person(s) acting on their behalf; and (iii) Defendant shall mean Defendant's

1

employees who are actively involved in Defendant's defense of this action and representatives thereof, and any authorized agent(s), attorney(s) or other entities or person(s) acting on its behalf for the purposes of this litigation.

      (b)    "Confidential Information" means information deemed confidential by Fed. Civ. P. 26(c) and trade secrets, commercially sensitive business information, sensitive personal or financial information, that is produced by the Parties for the purpose of the Parties' litigation of this action, except that Confidential Information shall not include (1) any information, which was lawfully and properly in the possession, custody, or control of any party as of the commencement of this lawsuit, or (2) any information which is in the public domain. "Confidential information" includes medical records, the records of any non-Plaintiff, but excludes Plaintiffs' individual wage-and-hour records, and Defendant's wage-and-hour policies that applied to Plaintiffs. "Confidential Information" shall also include Plaintiffs' personnel file, but shall exclude any wage-and-hour-related communications and documents such as New York Labor Law § 195 notices.

    3.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Proprietary information includes, but is not limited to,

information relating to Defendant's business, management, and personnel strategies. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    4.    "Highly Confidential – Attorneys' Eyes Only" shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Highly Confidential - Attorney Eyes Only does not include, and this Confidentiality Order does not apply to, information that is already in the knowledge or possession, custody, or control of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

    5.    Any Confidential Information produced in this action shall be used solely for the purpose of litigating and/or resolving the above-captioned matter, and shall not be used for any purpose in any matter other than the instant litigation.

    6.    Except as otherwise provided in this Stipulation of Confidentiality, material constituting Confidential Information or otherwise designated as such may be examined only by the following persons:

    (a)    Defendant;

    (b)    Plaintiffs. To the extent any Plaintiff examines the personnel documents of a Plaintiff other than him or herself (other than records relating to services performed for, and compensation paid by, Defendant), or any other Confidential Information other than his or

3

her own personnel documents, Plaintiffs' counsel shall inform that Plaintiff of this confidentiality order and that they are bound by it.

(c) The Parties' respective counsel and employees and consultants of the Parties' counsel (including in-house counsel and legal assistants) who are acting under the direction and control of such counsel and who are assisting such counsel in this action;

(d) To the extent necessary for the prosecution or defense of the instant matter, actual or proposed witnesses, independent consultants or experts retained in connection with the instant action by the Parties' counsel, and any other person(s) whom the Parties' counsel deem necessary so long as they sign the attached Agreement to be Bound by Stipulation of Confidentiality;

(e) Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(f) Any mediator mutually agreed to by the Parties to attempt to resolve this action;

(g) Magistrate judges, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency;

(h) Any claims administrator retained by either or both parties; and

(i) Jurors and/or fact-finders.

7. Nothing herein shall preclude the Parties from disclosing material designated as Confidential if otherwise required by law or pursuant to a valid subpoena.

8. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with the producing party. In the event that such a dispute cannot be resolved, the party seeking to designate document as confidential may apply to the Court via letter motion for a determination as to whether the designation is appropriate. The burden rests on the producing party seeking confidentiality to demonstrate that such designation is appropriate.

9. No party or person, other that Defendant's or Plaintiffs' counsel, shall be allowed to retain Confidential Information belonging to any other party or person, or any document or other item designated as confidential, or any copies thereof, beyond the conclusion of this litigation unless an appeal is filed, and such information shall be destroyed or returned as described in paragraph 15 below, subject to the exceptions set forth therein. The Parties' counsel may retain Confidential Information subject to this confidentiality order for the purpose outlined in Paragraph 15, and shall keep the Confidential Information in the strictest confidence.

10. The producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information that constitutes Confidential Information or is designated as Confidential Information or any portion thereof only by explicit written waiver. Such waiver shall not result in a waiver of the confidential status of any other information that constitutes Confidential Information or is deemed Confidential Information pursuant to this Stipulation of Confidentiality. Use of information acquired through independent search or investigation (other than discovery from the Parties to this action) or which is in the public domain shall not be restricted by the terms of this Stipulation of Confidentiality.

11. The testimony of any witness deposed on oral examination shall be deemed Confidential Information for a period of twenty-one (21)days after receipt by counsel of the

transcript of the deposition provided that counsel orders the transcript within fourteen (14) days of the deposition. If counsel believes that testimony contained in a deposition transcript or a portion thereof constitutes Confidential Information, counsel shall designate such information as Confidential Information during the deposition or within 21 days after receipt by counsel of the transcript of the deposition provided that counsel orders the transcript within fourteen (14) days of the deposition., in writing, identifying the information deemed Confidential Information by page and line number, to opposing counsel. Any portion that is not designated is deemed not to contain Confidential Information. The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that constitutes Confidential Information or has been designated as Confidential Information.

12. The Parties will jointly file or request to file any documents containing Confidential Information under seal or in redacted form in conformity with Section 5 of Judge Caproni's Individual Rules. However, the parties will endeavor to limit the extent to which such documents must be filed under seal by reaching agreement regarding redacting portions of the documents so that they can be publicly filed, and conferring regarding the necessity of filing under seal any specific document, the unsealed filing of which shall not be unreasonably withheld.

13. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon notice to counsel for the Parties.

14. This Stipulation of Confidentiality may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Stipulation of Confidentiality.

15. This Stipulation of Confidentiality shall remain in full force and effect until modified by the Parties and so ordered by the Court.

16. Any time after the Parties execute a settlement agreement relating to this matter, or any time after the conclusion of this action by final judgment not subject to appeal, a party producing Confidential Information may request in writing the return or destruction of all such material and of all copies thereof, and the receiving parties shall comply with such request unless otherwise ordered by the Court by returning all such material or providing an affidavit confirming its destruction. Notwithstanding this provision, counsel are entitled to retain the Confidential Information subject to this confidentiality order for the sole purpose of responding to client inquiries regarding resolution and shall keep the Confidential Information in strictest confidence.

17. The Court shall retain jurisdiction after it enters a final judgment in this action to enforce this confidentiality order. If either party violates this order, that party hereby consents to the jurisdiction of this Court to adjudicate such violation.

18. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case or prevents any party from using any document at trial. Each party reserves the right to object to the use or admissibility of the Confidential Information.

19. Pending court approval of this Stipulation, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

Dated: 13 , 2022         By: _____
James Vagnini, Esq.
Robert J. Valli, Jr., Esq.
Alexander White, Esq.
VALLI KANE & VAGNINI LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180

                        D. Maimon Kirschenbaum, Esq.
Denise Schulman, Esq.
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640

Jacob Aronauer, Esq.
LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980

*-and-*

Mariya Gonor, Esq.
Kimberley A. Brunner, Esq.
BEATTIE PADOVANO, LLC
200 Market Street, Suite 401
Montvale, New Jersey 076545
(201) 799-9736

*Attorneys for Plaintiffs*

Dated: December 14 2022          By:     s/ Adam S. Gross

Noel P. Tripp, Esq.
Adam S. Gross, Esq.
JACKSON LEWIS P.C.
58 S. Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

*Attorneys for Defendant*

SO ORDERED THIS 14th
DAY OF December, 2022.

*/s/ Valerie Caproni*

Hon. Valerie Caproni
United States District Court Judge

8