

# Valli Kane & Vagnini
## Employee Rights Attorneys

600 Old Country Road  
Suite 519  
Garden City, NY 11530

Tel: (516) 203-7180  
Fax: (516) 706-0248  
www.vkvlawyers.com

October 16, 2023

**VIA ECF**  
The Honorable Valerie E. Caproni  
United States District Court  
Southern District of New York  
40 Foley Square, Room 240  
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/19/2023
```

    Re:   *Katz & Skidanenko v. Equinox Holdings, Inc.*  
           **Case No.: 1:20-CV-09856-VEC**

Dear Judge Caproni:

    We, along with our co-counsel, represent Plaintiffs and the current opt-in plaintiffs in the above-captioned matter. We jointly write with Defendant's counsel regarding two discovery matters requiring judicial resolution.

    **I.**     **Plaintiffs' Position**

    First, as set forth below, Plaintiffs conducted two Rule 30(b)(6) depositions that Defendant failed to attend and provide alternative dates for warranting compulsion of its attendance. On June 1, 2023, Plaintiffs served their First Notice of Rule 30(b)(6) Deposition without a date so the parties could mutually agree upon one. *See* Exhibit 1. On July 14, 2023, Plaintiffs served their First Amended Rule 30(b)(6) Notice of Deposition for September 12, 2023. *See* Exhibit 2. On September 5, 2023, Defendant's counsel requested that the September 12th deposition be adjourned because counsel was ill the week prior and could not prepare the witnesses. Defendant's counsel also stated that they would try to provide alternative dates "within the next week." Plaintiffs agreed to adjourn the deposition only if Defendant provided alternative dates before September 12th, which was consistent with Defendant's "within the next week" proposition. Defendant, however, did not provide any alternative dates and subsequently failed to appear at the deposition.

    On September 22, 2023, after waiting 17 days for available dates, Plaintiffs served their Second Rule 30(b)(6) Notice of Deposition for October 6, 2023. *See* Exhibit 3.[1] At 7:21 am on September 29, 2023, Defendant disclosed two witnesses, Travis DeSisso and Connor Harrington, for 15 of the 70 topics and requested Plaintiffs' counsel's availability for their depositions. Plaintiffs' counsel responded at 9:14 am with availability and that they still intended to take the deposition of the remaining topics on October 6th if alternative date(s) were not provided. At 8:45 pm that same day—four months since the First Rule 30(b)(6) Notice, 77 days since the First Amended Notice, and seven days prior to the Second Rule 30(b)(6) Deposition—Defendant served objections to the Notice. Plaintiffs' counsel responded an hour later that these objections were

---

[1] The Second Rule 30(b)(6) Notice removes topics related to Plaintiff Katz's now dismissed sexual harassment claims.

untimely and offered to confer via telephone on October 3-5. Defendant's counsel did not respond.

On October 4, 2023, Plaintiffs' counsel inquired whether Defendant intended on providing any alternative dates for the Second Rule 30(b)(6) Deposition and requested counsel's availability to contact the Court if not. Defendant's counsel responded six hours later by identifying one witness, Travis DeSisso, for 10 topics and that he was available to be deposed on October 12th. They did not provide any availability for a telephone call. Plaintiffs agreed to adjourn only those topics until October 12th.[2] Defendant then failed to attend the Second Rule 30(b)(6) Deposition for the remaining 60 topics. On October 12, 2023, after providing a draft of this letter motion to Defendant, it increased the number of designated topics for Connor Harrington to 23 and stated that it would provide his available October dates. Again, no actual available dates were provided. Defendant also requested that the prior deposition testimony of former employees Stephanie Keenan (formerly, Stephanie Hermann) and Matthew Herbert be used for the topics related to Plaintiff Katz's individual claims. These individuals, however, were not identified in Defendant's initial disclosures as having information about Katz's individual claims. While Stephanie Keenan was identified in Defendant's interrogatory responses as someone being involved in Plaintiff Katz's wrongful termination, she was not disclosed to Plaintiffs as being responsive to any Rule 30(b)(6) topics prior to her deposition.

Plaintiffs' good faith efforts to work with Defendant to conduct the Rule 30(b)(6) Deposition have been in vain. Four months after the First Notice was served, Plaintiffs have conducted the deposition of a single witness who testified on only 14% of the topics (10/70). Regarding the remaining topics, Defendant has only identified one actual witness who is designated for 25 out of 60 remaining topics. Compulsion of the attendance to the remaining topics is now required because Defendant has identified,[3] but not disclosed, witnesses for all remaining topics and it has had ample time to provide dates. Although Plaintiffs do not contest that Defendant's counsel has had difficulties obtaining dates from their client, such does not excuse Defendant's disregard of its discovery obligations. *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), **the corporate deponent has an affirmative duty to make available** such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (citations omitted) (emphasis added). This is also not the first time Defendant has engaged in questionable discovery-related conduct. *See Fodera v. Equinox Holdings, Inc.*, 19-CV-05072, Dkt. No. 150, 2 (N.D. Cal. 2022) ("I really do not like issuing sanctions. . . . Let this be a final warning to Equinox[.]"); *Europe v. Equinox Holdings, Inc.*, 1:20-CV-07787 (JGK) (KHP), Dkt. No. 95 (S.D.N.Y. 2022) (sanctioning Defendant for spoliation).

While Defendant has served objections to the Notice, these objections were served four months after the First Notice, 77 days after Plaintiffs served the First Amended Notice, 17 days after the First Rule 30(b)(6) Deposition was conducted, and seven days prior the Second Rule 30(b)(6) Deposition. Any objections at this point are untimely, waived, and only serve to further delay the deposition's completion. *See FD Special Opportunities V, LLC v. Silver Arch Cap. Partners*, LLC, No. 21-CV-0797 (JLR)(OTW), 2022 WL 17730098, at *1-*2 (S.D.N.Y. Dec. 15,

---

[2] Travis DeSisso's deposition was conducted on October 12, 2023.
[3] On September 29, 2023, Defendant's counsel confirmed via email that Defendant did not attend the September 12, 2023 deposition was indeed due to counsel illness and not the inability to identify witnesses.

2

2022) ("Defendants had four months to object to Plaintiffs' 30(b)(6) notice, but instead chose to move for a protective order on the eve of depositions, nearly two months after they had been scheduled . . . Plaintiffs opposed the protective order as baseless and untimely, arguing that Defendants had waited until the eve of depositions to object to the topics at issue despite having the Rule 30(b)(6) deposition notice containing the topics since May 2, 2022. I denied the Motion as untimely and invited Plaintiffs to submit briefing for an award of expenses under Rule 37(a)(5)."); *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 118 (S.D.N.Y. 2011) ("[T]he Court denied the defendants' motion for a protective order because it was untimely. Therefore, any objections made in an untimely motion cannot serve as an acceptable excuse for the defendants' failure to appear for their depositions."); *Bey v. City of New York*, No. 99-CV-3873 (LMM)(RLE), 2007 WL 1771557, at *2 (S.D.N.Y. June 18, 2007). Additionally, discovery will be closed (November 24, 2023) by the time the parties confer, fully brief a motion for a protective order, and the motion is decided. *See Ceslik v. Miller Ford, Inc.*, No. 3:04-CV-2045, 2007 WL 9757725, at *1 (D. Conn. Feb. 23, 2007) ("[A] pending motion for [a] protective order . . . does not stay a deposition.") (citing *FAA v. Landy*, 705 F.2d 624, 634-35 (2d Cir. 1983)).

Accordingly, Plaintiffs respectfully request that the Court compel Defendant to identify the remaining witnesses within two (2) days of deciding this motion and to complete all remaining Rule 30(b)(6) topics on or before November 2, 2023. Plaintiffs take no position as to whether Rule 37(d) sanctions are warranted.

Second, Plaintiffs served their First Requests for the Production of Documents on July 27, 2022, and first proposed search terms on June 1, 2023. They still, however, do not have the relevant electronic communications from manager-level employees that were requested. Indeed, these communications are voluminous, but it has been over a year since Plaintiffs first requested them and they have made repeated subsequent requests, including during telephone conferrals, to obtain them since that time. On September 15, 2023, Defendant also represented to the Court that they would produce these electronic communications "on a rolling basis." Dkt. No. 169. None have been produced. On October 3, 2023, Defendant's counsel finally offered to stipulate to a production date but no such date has been provided. Therefore, Plaintiffs additionally request that the Court order Defendant to begin rolling production within 14 days of deciding this motion and complete it by the close of discovery on November 24, 2023.

## II. Defendant's Position

### A. 30(b)(6) Deposition

Defendant has made a good faith effort to address all outstanding discovery issues with Plaintiffs. Indeed, Plaintiffs' suggestions to the contrary are disingenuous.

First, Defendant did not fail to attend any Rule 30(b)(6) deposition noticed by Plaintiffs. Advance notice was provided to Plaintiffs on the two occasions Plaintiffs noticed dates that Defendant could not accommodate for the deposition. Plaintiffs responded that they intended to proceed regardless of such notice and seek costs or an adverse inference.

The depositions were rescheduled for legitimate reasons of which Plaintiffs were made

aware of. On the first occasion, lead counsel had COVID. And on the second occasion, the witnesses had pre-existing conflicts. Defendant advised Plaintiffs' counsel that it was having difficulty getting representatives available for the same day for the deposition and that Defendant would start identifying representatives with dates, based on availability, to avoid causing further delay. Based on the 70 Topics Plaintiffs identified, this of course, took time and resources to coordinate.

Plaintiffs served their Second 30(b)(6) Notice on September 22, 2023. Seven days after, Defendant served responses and objections to the same. See, Exhibit 3. Defendant's position is that many of the Topics Plaintiffs identified are overbroad, unreasonably duplicative and cumulative, and not appropriate as 30(b)(6) deposition Topics. For example, Plaintiffs noticed at least nine Topics that they have already received testimony on relating to Plaintiff Katz's remaining individual claims. Defendant produced, and Plaintiffs have deposed all first-hand witnesses with knowledge of these claims.[4] In light of the same, Defendant proposed that Plaintiffs withdraw these Topics. In its response, Defendant also stated that for some of these Topics, Defendant was willing to provide such information through a different more efficient form of discovery, like document requests. However, Plaintiffs blankly rejected all of Defendant's proposals and objections. Instead, Plaintiffs responded that such objections were untimely and therefore, all waived. As an alternative, Defendant proposed that some of the testimony previously obtained (from high-level HR directly involved in Katz's leave and termination) be used for such Topics, which Plaintiffs advised they would consider for one of the two witnesses Defendant suggested. Plaintiffs provided no further substantive response to Defendant's other proposed alternatives.

Plaintiffs deposed Defendant's first 30(b)(6) witness on October 12, 2023, who provided testimony on Topics 1, 2, 4, 17, and 22-28. Defendant identified another representative for an additional 22 topics and suggested two dates for his deposition. This witness is available to be deposed on November 6 or 9, 2023. Last, as it relates to the Topics noticed regarding IT, Defendant previously identified a representative who has recently resigned from the Company. Thus, Defendant intends to designate an alternative within the next week, with potential dates for the same.

**B. ESI**

Plaintiffs' initial search terms for the witnesses identified in connection with the Named Plaintiffs alone yielded about 1.7 million documents. As noted by Plaintiffs, the parties met and conferred over search terms many times over the course of several months to refine the same. Though such efforts caused delayed, they were not in vain. Through repeated revision, Defendant was able to get this number down to about 440,000 individual documents, many of which are patently irrelevant.

Defendant has in good faith endeavored to review and produce all the ESI Plaintiffs have requested. Defendant has contracted 9 staff members for this review and expended significant costs

---

[4] Defendant has already produced eight witnesses relating to the Named Plaintiffs' claims.

to respond to Plaintiffs' requests.[5] Defendant has also employed technology assisted review to avoid further delay. Defendant is in the process of reviewing documents for these custodians but given the voluminous scope of review (and extensive redactions needed regarding member information), Plaintiffs' proposal that the Court order production of all ESI in 14 days is untenable. Defendant has already produced thousands of emails to Plaintiffs that include communications to and from many of the custodian witnesses. Specifically, to date, Defendant has produced 18,984 documents, including emails and other electronic documents. The current review, outside of the ones that Defendant is currently in the process of producing, related to Katz's individual claims, not the class claims and is disproportionate to the needs of the case. Defendant intends to start rolling out production within the next two weeks for these witness custodians and will endeavor to get the rest of production for these witness custodians to Plaintiffs before the close of discovery.

    We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ *Alexander M. White*
Alexander M. White

cc:    all counsel of record <via ECF>

---

[5] Indeed, Defendant received an estimate that between storage, review and production, it will cost about $200,000 for production for these witness custodians – which does not include ESI for the Opt-ins selected for discovery or their managers.

The parties have had more than eight months to complete discovery. Because of that, the Court warned the parties that it is unlikely to grant any requests to extend the discovery timeline. Dkt. 136. The Court does not consider difficulty coordinating deponents' schedules and reviewing large volumes of ESI to be sufficient good cause to justify a lengthy extension of the discovery deadlines.

To accommodate the Thanksgiving holiday, the fact discovery deadline is extended from Friday, November 24, 2023, to **Friday, December 1, 2023**.

Plaintiffs must notify the Defendants by **Monday, October 23, 2023**, whether any topics in the 30(b)(6) deposition notice can be covered through document discovery or previously obtained testimony. Plaintiffs must exercise good faith in attempting to narrow the list of topics. Defendant must identify representatives who are able to testify to the remaining narrower list of 30(b)(6) topics by **Friday, October 27, 2023**. Depositions on those remaining topics must be complete by **Wednesday, November 15, 2023**.

Further, Defendant must begin rolling production of the remaining ESI from manager-level employees by **Wednesday, November 1, 2023**, and finish production of the ESI by the close of discovery on Friday, **December 1, 2023**.

The parties are reminded that, pursuant to the Undersigned's Individual Practices, they are expected to work collegially and must meet and confer in good faith in an effort to resolve discovery disputes before raising such disputes with the Court.

SO ORDERED.

10/19/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE