# Morgan Lewis

**Thomas A. Linthorst**
+1.609.919.6642
thomas.linthorst@morganlewis.com

November 2, 2023

Hon. Dale E. Ho, U.S.D.J.
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 905
New York, New York 10007

Re:     <u>Katz v. Equinox Holdings, Inc.</u> - <u>Case No.: 1:20-CV-09856-DEH</u>

Dear Judge Ho:

Along with co-counsel Jackson Lewis, we represent Defendant Equinox Holdings, Inc. in this matter, and write jointly with Plaintiffs to provide the Court with the status letter required by the Court's Order dated November 1, 2023 (Dkt. No. 179).

Attached as Exhibit 1 are the agreed-upon materials for the ADR Program to be communicated to the absent putative class members.

### Defendant's Position on Further Motion Practice

Counsel for Equinox advised counsel for Plaintiffs this morning that Equinox would agree to further delay the rollout of the ADR Program to its 10,000+ US employees until 11/8, and if Plaintiffs wanted to attempt to obtain a Court ruling on the program prior to rollout, we would do whatever is necessary to present those issues to the Court. Counsel for Plaintiffs advised that they did not believe any such challenge was feasible prior to that date. We then offered to set a briefing schedule for a post-rollout motion, but proposed that any post-rollout motion by Plaintiffs be deferred until the Court issues any class certification decision because any challenge to the ADR Program would be moot if no class is certified. Equinox has no objection to further conferring with Plaintiffs regarding the timing of any post-rollout challenge by Plaintiffs and submitting a further status report on that issue within seven days. Given that Plaintiffs have indicated they will not be making a challenge to the distribution of the ADR Program prior to November 8, 2023, Equinox reserves the right to proceed with the rollout of the ADR Program prior to that date.

### Plaintiff's Position on Further Motion Practice

Plaintiffs' object to the sending of the ADR Program Notice to the Putative Class members prior to the parties obtaining a ruling from the Court. It is Plaintiffs' position, pursuant to Rule 23(d), that the sending of the ADR Program notice to the putative class members without judicial approval is improper. Plaintiffs' do not object to the sending of the ADR notice to all employees who are not Plaintiffs, Opt-ins and putative class members. The parties recognize that they will be unable to fully brief the motion to regarding the dissemination of a self-executing ADR Program to the putative class members and obtain a decision on it

Morgan, Lewis & Bockius LLP

502 Carnegie Center
Princeton, NJ  08540-6241          T +1.609.919.6600
United States                      F +1.877.432.9652

A Pennsylvania Limited Liability Partnership | Terry D. Johnson, Partner-in-Charge

Hon. Dale E. Ho, U.S.D.J.
November 2, 2023
Page 2

within the next seven days.  However, Plaintiff's propose a briefing schedule as follows: November 10 motion, November 14 opposition and November 20 reply. Given the expedited briefing schedule proposed by plaintiffs we contend that a delay in the dissemination of the ADR Program to the putative class, until the proposed motion is decided, is warranted.

Further, if Defendant disseminates the ADR Program notice to the Putative Class without Court approval Plaintiffs will move to request a retroactive invalidation of the ADR Program with respect to the putative class members who do not affirmatively agree to it or who object on other grounds.  Plaintiff reserves the right to object to the putative class list for class notice, to the extent Defendants exclude from that list current putative class members who become subject to the ADR program.

Accordingly, the parties intend to further confer about a motion regarding the ADR Program and respectfully request an additional seven days to submit a joint status update on this matter and, if necessary, a proposed briefing schedule on any motion to invalidate the ADR Program with respect to the putative class members who do not affirmatively agree to it.

\*     \*     \*

The parties thank the Court for its prompt consideration of the issues and conference with the parties.

Respectfully,

/s/ *Thomas A. Linthorst*

Thomas A. Linthorst

The record before the Court in insufficient to enjoin the rollout of the ADR Program to members of the putative class. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981) ("[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.").

The parties shall file a further joint status letter regarding the ADR program and any motion related to it by **November 10, 2023.**  An order issued October 20, 2023, requires the parties to file a joint status letter by November 3, 2023.  In lieu of multiple letters, the parties may file one joint status letter including the information described in the October 20, 2023, order and any update regarding the ADR program by **November 10, 2023**.  So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 176.

Dale E. Ho
United States District Judge
Dated: November 3, 2023
New York, New York