# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

DIRECT DIAL: (248) 936-1900
EMAIL ADDRESS: ALLAN.RUBIN@JACKSONLEWIS.COM

January 4, 2024

**VIA ECF**

The Honorable Judge Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square, Room 905
New York, New York 10007

Re:  *Monique Katz, et al., v. Equinox Holdings, Inc.*
Civil Case No.:  20-cv-09856

Dear Judge Ho:

We represent Defendant Equinox Holdings Inc. ("Defendant" or "Equinox") in the above-referenced matter. We write, with Plaintiffs' counsels' consent, pursuant to Your Honor's Individual Rules and Local Rule 37.2, regarding a discovery dispute identified in the Parties' joint letter (Dkt. 186 p. 2 fn. 1): to request an order compelling non-compliant Discovery Opt-in Plaintiffs to respond to Defendant's written discovery requests and appear for a deposition by January 26, 2024, with notice that failure to do so should result in dismissal of their claims with prejudice from the action under Rule 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Such relief is requested because, despite the good-faith efforts of counsel for both parties, certain Opt-in Plaintiffs have become unresponsive to any efforts to respond to discovery, schedule their depositions or otherwise file a consent form to be dismissed. Plaintiffs' counsel is also not willing to withdraw or dismiss these Opt-ins without their consent.

### A.  Overview of Discovery Sought by Defendant and Plaintiffs' Non-Compliance

The parties agreed, and this Court so ordered that collective discovery be conducted from only a sampling of 44 Opt-in Plaintiffs, rather than all collective members (herein "Discovery Opt-in Plaintiffs"). *See* Dkt. No. 168. The parties followed the procedure for selection outlined in the stipulation. On September 15, 2023, 30 Opt-ins were randomly selected during a meet and confer. Then both sides each selected another 7 Plaintiffs.

**JacksonLewis**

On October 16, 2023, Equinox served duces tecum deposition notices (including Defendant's First Request for Production of Documents) on the Discovery Opt-in Plaintiffs. These depositions were noticed for October and November 2023. To date, fourteen of these Plaintiffs have failed to respond to discovery and appear for a deposition. Such Plaintiffs include: Akira Bryant, Reese Davis, Gabrielle DeAngelis, Ashley Forbes, Rosana Hernandez, Isabelle Iannizzotto, Mary Judge, Alvin Lebrun, James Moussa, Christi O'Hanlon, Michael Richards, Merlina Rodas, Juan Vallejo, and Gary Vaughn.

Defendant made several good faith inquiries as to the status of discovery via email and during multiple meet and confers with Plaintiffs' counsel. But despite the parties' joint efforts over the last couple of months, Plaintiffs' counsel has been unable to contact these individuals and schedule their depositions. No further information has been obtained about the Opt-in Plaintiffs who failed to respond.

Defendant requested the dismissal of these Opt-ins, but Plaintiffs' counsel maintained that they ethically cannot dismiss them from this action without their consent. Plaintiffs' counsel, however, is unable to secure their consent due their unresponsiveness. The parties conferred on this issue on December 5, 2023 and as noted above, brought it to the Court's attention in their joint letter filing on December 6, 2023. Dkt. 186. During the conference, the parties agreed that they are at an impasse and that as a result, Defendant would file an unopposed letter motion and proposed order requesting that the Court issue a warning to the Unresponsive Opt-ins notifying them that their continued failure to participate will result in their dismissal from this action.

### B. Requested Relief

It is well established that under the Fair Labor Standards Act ("FLSA"), individuals who file signed consent forms to join a collective action become "party plaintiffs." 29 U.S.C. § 216(b). By voluntarily choosing to opt-in and participate in this lawsuit, these Opt-in Plaintiffs took on the obligation to engage in discovery related to their individual claims. *Morangelli v. Chemed Corp.*, 2011 U.S. Dist. LEXIS 151, at *3 (E.D.N.Y. Jan. 11, 2011).

Accordingly, Defendant requests that the Court issue the attached order compelling these 14 Opt-ins to appear for a deposition by January 26, 2024, with notice that if they subsequently fail to appear for a deposition and respond to written discovery, their claims should be dismissed with prejudice. Such action aligns with how this, and other Courts in this jurisdiction have handled this issue in the context of other collective action litigations. *See, e.g.*, *Julian v. Metro Life Ins.*, 2020 U.S. Dist. LEXIS 61809 (S.D.N.Y. Apr. 7, 2020). Fed. R. Civ. P. 37(d) (permitting dismissal where a plaintiff fails to appear for his deposition after receiving proper notice); *Morangelli*, 2011 U.S. Dist. LEXIS 151, at *3 (finding dismissal appropriate for opt-in plaintiffs who failed to appear for depositions pursuant to Rule 37(d)); FRCP 41(b) (calling for dismissal if a plaintiff fails "to comply with these rules or a court order"); *Colella v. New York City Transit Auth.*, 2014 U.S. Dist. LEXIS 182551, at *14 (S.D.N.Y. Dec. 2, 2014) (recommending FLSA opt-ins be dismissed with prejudice for failure to respond to discovery requests), *report and recommendation adopted in relevant part,* 2015 U.S. Dist. LEXIS 25686 (S.D.N.Y. Mar. 3, 2015); *Ruiz v. Citibank, N.A.,* 2014

**JacksonLewis**

Hon. Dale E. Ho U.S.D.J.<br>
Southern District of New York<br>
January 4, 2024<br>
Page 3

WL 4635575 (S.D.N.Y. Aug. 19, 2014) (dismissing five FLSA opt-ins' claims with prejudice for non-compliance with discovery order).

      Defendant is available at the Court's convenience for a conference to discuss this issue. We thank the Court for its attention to and consideration of this request.

                                      Respectfully submitted,

                                      JACKSON LEWIS P.C.

                                      s/*Allan S. Rubin*

                                      Allan S. Rubin<br>
                                      Adam S. Gross<br>
                                      Cassandra M. Ficano

ASR/cmf

cc:      All Counsel of Record *(via* ECF)

4854-3729-5002, v. 1